ELECTRONICALLY FILED
2019 Mar 06 9:55 AM
CLERK OF COURT

## IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**MARGIE CHILDERS and LARRY CHILDERS,**

      **Plaintiffs,**

**v.**

      **Docket No.:** _____
      **JURY DEMANDED**

**BASS PRO OUTDOOR WORLD, LLC d/b/a**
**UNCLE BUCK'S FISH BOWL AND GRILL,**

      **Defendant.**

### COMPLAINT FOR DAMAGES

      **COME NOW** the Plaintiffs, Margie Childers and Larry Childers, by and through undersigned counsel and hereby file this Complaint for Damages against the Defendant, Bass Pro Outdoor World, LLC d/b/a Uncle Buck's Fish Bowl and Grill, and would show the Court as follows:

### PARTIES

1.     Plaintiff, Margie Childers (hereafter "Mrs. Childers") is an adult resident of Hernando, Desoto County, Mississippi.

2.     Plaintiff Larry Childers (hereafter "Mr. Childers") is an adult resident of Hernando, Desoto County, Mississippi.

3.     Upon information and belief, Defendant, Bass Pro Outdoor World, LLC d/b/a Uncle Buck's Fish Bowl and Grill, is a Missouri for-profit corporation licensed to do business in Tennessee with its principal address located at Tax and License Div., 2500 E. Kearney Street,

Springfield, Missouri 65898-0001 and can be served with process through its registered agent C

T Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

## JURISDICTION AND VENUE

4.    Venue is properly situated in Shelby County pursuant to TENN CODE ANN 20-4-101 as the

injuries sustained by Plaintiff occurred in Shelby County, Tennessee.

5.    This Court has jurisdiction pursuant to Tenn. Code Ann. 16-1-101.

6.    This Court has subject matter jurisdiction over the causes of action pled herein.

7.    All events which form the basis of this Complaint for Damages are based in tort and

occurred in Memphis, Shelby County, Tennessee.

8.    Defendant, Bass Pro Outdoor World, LLC d/b/a Uncle Buck's Fish Bowl and Grill was

properly served with process.

## FACTS

9.    At all times pertinent to this Complaint, Defendant owned, operated and/or controlled a

business called Uncle Buck's Fish Bowl and Grill which is located at 1 Bass Pro Drive,

Memphis, Tennessee 38105.

10.    On or about October 14, 2018, Plaintiff, Margie Childers, was on the premises of Uncle

Buck's Fish Bowl and Grill.

11.    Mrs. Childers was walking inside Uncle Buck's Fish Bowl and Grill when suddenly, and

without warning, she slipped and fell on a liquid substance on the floor of the premises.

12.     Upon information and belief, Defendant owned, operated and/or controlled the Uncle Buck's Fish Bowl and Grill premises which was in a dangerous and defective state at the time of Mrs. Childers' fall due to the presence of the liquid substance.

13.     There were no warning signs or any other indication near the liquid substance to warn customers of the dangerous condition.

14.     Defendant knew or should have known of the dangerous condition of the premises which caused Mrs. Childers to fall and sustain injuries.

15.     As a direct and proximate result of the Defendant's negligence, Mrs. Childers sustained multiple serious, severe and permanent injuries.

<div align="center">

**CAUSE OF ACTION**
**NEGLIGENCE**

</div>

16.     Plaintiffs reincorporate paragraphs 1-15 as though set forth verbatim.

17.     The Defendant, by and through the actions and/or inactions of its employees and/or agents, was negligent in its failure to adequately maintain the premises in the area in which Mrs. Childers fell.

18.     The Defendant, by and through the actions and/or inactions of its employees and/or agents, was negligent in its failure to warn Mrs. Childers of the possibility of injury while on the Defendant's premises.

19.     The Defendant, by and through the actions and/or inactions of its employees and/or agents, was negligent in its failure to conduct a reasonable inspection of the premises, including the area where the liquid was located and the surrounding areas, and for failing to adhere to policy/procedure or failing to institute an appropriate policy/procedure to maintain the premises in a safe manner.

<div align="center">

3

</div>

20.     The Defendant, by and through the actions and/or inactions of its employees and/or agents, was negligent in failing to maintain a safe environment for Mrs. Childers and other guests while inside the Uncle Buck's Fish Bowl and Grill.

21.     The Defendant knew or in the exercise of reasonable care should have known of the presence of the dangerous condition, or, Defendant created the condition either through the acts of its employees, in its negligent maintenance of its premises, or its negligent method of operation and Defendant should have corrected the condition or warned Mrs. Childers of its existence yet failed to do so.

22.     Upon information and belief, the Defendant had actual and/or constructive notice of the dangerous and defective condition that caused Mrs. Childers to fall and sustain injuries yet failed to remedy the condition.

## DAMAGES

23.     Plaintiffs reincorporate paragraphs 1-22 as though set forth verbatim.

24.     As a direct and proximate result of the Defendant's negligence, Mrs. Childers suffered serious and severe personal injuries which were caused, precipitated and/or aggravated by the wrongs complained of herein.

25.     As a direct and proximate result of the Defendant's negligence, Mrs. Childers suffered severe injuries that required medical attention and may continue to require medical treatment in the future.

26.     As a direct and proximate result of the Defendant's negligence, Mrs. Childers has incurred, and may incur, large medical expenses, both past and future.

27.     As a direct and proximate result of Defendant's negligence, Mrs. Childers experienced physical pain and mental suffering, both past and future.

4

28.     As a direct and proximate result of the Defendant's negligence, Mrs. Childers suffered the loss of the enjoyment of life, both past and future.

29.     As a direct and proximate result of the Defendant's negligence, Mrs. Childers suffered injuries both temporary and permanent in nature.

30.     As a direct and proximate result of the Defendant's negligence, Mrs. Childers experienced severe pain and suffering, as well as emotional trauma and mental anguish, both past and future.

31.     As a direct and proximate result of the Defendant's negligence, Mrs. Childers experienced loss of earnings and loss of earning capacity, both past and future.

## LOSS OF CONSORTIUM AND SPOUSAL SERVICES

32.     As a direct and proximate result of one or more of the above acts of negligence, violation of state statutes and ordinances, Mr. Childers has suffered the following as a direct and proximate result of the negligence of Defendant:

   a)     Loss of Consortium;

   b)     Loss of Services;

   c)     Loss of Companionship; and

   d)     Such other further and general relief to which he may be entitled under the law and evidence presented.

## RELIEF SOUGHT

WHEREFORE PREMISES CONSIDERED, Plaintiffs, Margie Childers and Larry Childers, respectfully prays:

1.      That Plaintiffs be awarded the present cash value of any medical care and treatment that

Mrs. Childers has undergone, or will have to undergo;

2.      That Plaintiffs be awarded special damages for medical, hospital and doctors expenses

incurred, according to proof;

3.      That Plaintiffs be awarded compensatory damages in an amount to be determined by a

jury;

4.      That Plaintiffs be awarded post-judgment interest as allowed by law;

5.      That a jury be empaneled to try the issues when joined; and

6.      Such further relief as the Court may deem just and equitable.

Respectfully submitted,

**MORGAN & MORGAN - MEMPHIS, LLC**

Bradford J. Spicer (#30357)
*Attorney for Plaintiffs*
One Commerce Square, 26th Floor
Memphis, Tennessee 38103
Phone: (901) 333-1895
Fax:    (901) 524-1784
bspicer@forthepeople.com



**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

## SUMMONS IN CIVIL ACTION

Docket No. CT-0962-19, Div. I

○ Lawsuit
○ Divorce

Ad Damnum $ _____

| MARGIE CHILDERS and LARRY CHILDERS | VS | BASS PRO OUTDOOR WORLD, LLC d/b/a UNCLE BUCK'S FISHBOWL AND GRILL |
|---|---|---|

Plaintiff(s)      Defendant(s)

TO: (Name and Address of Defendant (One defendant per summons))

**BASS PRO OUTDOOR WORLD, LLC**
**Through its Registered Agent**
**CT CORPORATION SYSTEM**
**300 MONTVUE ROAD**
**KNOXVILLE, TN 37919-5546**

Method of Service:
○ Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
◉ Private Process Server
○ Other _____

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on Bradford J. Spicer, Morgan & Morgan - MEM    Plaintiff's

attorney, whose address is One Commerce Square, Suite 2600, Memphis, TN 38103

telephone (901) 217-7000    within THIRTY (30) DAYS after this summons has been served upon you, not including the day
of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED _____    By _____, D.C.

## TO THE DEFENDANT:

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless
it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain
items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and
your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these
items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek
the counsel of a lawyer.

**FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341**

I, TEMIIKA D. GIPSON / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20___

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master    By: _____, D.C.

**ORIGINAL**

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the ____7th____ day of ____March____, 20_19_ at ___12:20___ P. M. a copy of the summons

and a copy of the Complaint to the following Defendant  Bass Pro Outdoor World, LLC c/o CT Corporation System,

Registered Agent

at  300 Montvue Road, Knoxville, TN 37919

Samantha Sutton, Service of Process Specialist

Signature of person accepting service

By: _____
Sheriff or other authorized person to serve process

Barry A. Kaley                    Process Server
Brushy Valley Process Service
PO Box 58
Clinton TN 37717

## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:**       MARGIE CHILDERS VS BASS PRO

**Case Number:**    CT-0962-19

**Type:**            SUMMONS ISSD TO MISC

Sharon Smith, DC

Electronically signed on 03/06/2019 11:04:20 AM

ORIGINAL

## AFFIDAVIT OF SERVICE

State of Tennessee                    County of Shelby                    Circuit Court

Case Number: CT-0962-19

Plaintiff:
**Margie Childers and Larry Childers**

vs.

Defendant:
**Bass Pro Outdoor World, LLC d/b/a Uncle Buck's Fish Bowl and Grill**

For:
Bradford J. Spicer
Morgan & Morgan - Memphis
1 Commerce Square Ste 2600
Memphis, TN 38103

Received by Brushy Valley Process Service to be served on **Bass Pro Outdoor World, LLC c/o CT Corporation System, Registered Agent, 300 Montvue Road, Knoxville, TN 37919.**

I, Barry A. Kaley, being duly sworn, depose and say that on the **7th day of March, 2019** at **12:20 pm**, I:

served a **REGISTERED AGENT** by delivering a true copy of the **Summons in Civil Action; Complaint for Damages; and Plaintiffs' First Set of Interrogatories and Request for Production of Documents Propounding upon Defendant Bass Pro Outdoor World, LLC d/b/a Uncle Buck's Fish Bowl and Grill** with the date and time of service endorsed thereon by me, to: **Samantha Sutton** as **Service of Process Specialist** at the address of: **300 Montvue Road, Knoxville, TN 37919** on behalf of **Bass Pro Outdoor World, LLC** and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 28, Sex: F, Race/Skin Color: White, Height: 5'4", Weight: 120, Hair: Brown, Glasses: N

I certify that I am over the age of 18, have no interest in the above civil action, and am a Professional Process Server, in good standing, in the judicial circuit in which the process was served. (Authorized per Tennessee Rules of Civil Procedure Rule 4.01(2); TCA 16-15-901(b))

Subscribed and Sworn to before me on the 11th
day of _____March 2019_____ by the affiant
who is personally known to me or presented
identification in the form of TN DL # 059575350.

_____Faye McCoy_____
NOTARY PUBLIC
Commission expires: 09-26-2022

_____Barry A. Kaley_____
Barry A. Kaley
Process Server

**Brushy Valley Process Service**
PO Box 58
Clinton, TN 37717-0058
(865) 388-2375

Our Job Serial Number: KXP-2019000130
Ref: TN8814848

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V7.2e

ELECTRONICALLY FILED
2019 Mar 06 9:55 AM
CLERK OF COURT

## IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**MARGIE CHILDERS and LARRY CHILDERS,**

    **Plaintiffs,**

**v.**                                    **Docket No.: _____**
                                              **JURY DEMANDED**

**BASS PRO OUTDOOR WORLD, LLC d/b/a
UNCLE BUCK'S FISH BOWL AND GRILL,**

    **Defendant.**

---

### PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED UPON DEFENDANT BASS PRO OUTDOOR WORLD, LLC d/b/a UNCLE BUCK'S FISH BOWL AND GRILL

---

    **COME NOW** the Plaintiffs, Margie Childers and Larry Childers, by and through undersigned counsel, pursuant to Rules 33 and 34 of Tennessee Rules of Civil Procedure, and propound the following Interrogatories and Request for Production of Documents upon the Defendant, Bass Pro Outdoor World, LLC d/b/a Uncle Buck's Fish Bowl and Grill, to be answered fully, under oath, at the offices of Morgan & Morgan, LLC, One Commerce Square, Ste. 2600, Memphis, Tennessee, in accordance with the Tennessee Rules of Civil Procedure.

### INSTRUCTIONS AND DEFINITIONS

    (a)    These Interrogatories and Requests for Production of Documents are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

    (b)    In answering these Interrogatories you shall furnish all such information as is

available or known to you and all agents, employees, representatives, including attorneys. Should you claim privilege, set forth in detail in your answers hereto the grounds for such claim, and the general nature of the information as to which you claim a privilege.

(c)    "Person" means and includes a natural person, partnership, firm, or corporation or any other kind of business or legal entity, including any governmental entity, its agents or employees. Where name and identity of a person is required, please state full name, home address and also business address, if known.

(d)    The pronouns "you" and "your" refer to the party to whom the Interrogatories and Requests for Production of Documents are addressed and all representatives of same, including, but not limited to, all agents, employees, investigators, and any others who directly or indirectly represent, in any manner, the defendant.

(e)    "Describe" means comprehensive, full, fair, frank, complete, accurate, and detailed descriptions of the person, event, place, or document referenced.

(f)    "Identify" when referring to an individual, corporation, or other entity shall mean to set forth the name and telephone number, and if a corporation or other entity, its principle place of business, or if an individual, the present or last known home address, his or her job title or titles, by whom employed and address of the place of employment.

(g)    "Document(s)" means: all manner of written, typewritten, printed or recorded material whatsoever, including any graphic, mechanic or oral records or recordings of any kind, correspondence, letters, telegrams, memoranda, records of meetings or conference, contracts, agreements, reports, checks, statements, receipts, returns, summaries, tickets, drafts, interoffice and intraoffice communications, offers, notations of conversations, records of telephone calls or meetings, printed matter, computer print-outs, teletypes, fax, invoices, pictures, blueprints,

2

schematics, tape records, transcriptions of records, video recordings, logbooks, business records and all drafts, alterations, modifications, changes and amendments of any of the foregoing, of which you have knowledge or which are now or were formerly in your actual or constructive possession, custody or control.

(h)   If you know that any document(s) falling within the scope of these Interrogatories and Requests for Production of Documents has been destroyed or lost, or is unavailable for any reason, you are requested to produce a written list of any document(s) so unavailable, identifying each document as follows: the request(s) the document pertains to; date, addressor's or author's name, title and address; addressee's name, title and address, the name and address of every other person to whom the document was sent or shown; the subject matter of the document; the general character of the document; as nearly as possible, the exact content of the document; and the reason for its destruction or unavailability.

(i)   "Subject incident" refers to the incident or incidents taking place on October 14, 2018, as set forth in Plaintiff's Complaint filed in connection hereto.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify the person or persons responding to these Interrogatories on behalf of the Defendant, and identify each person who has provided information in connection with these Interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:** Please identify the party who was responsible for maintenance and/or care of the location where this incident occurred on the date of the occurrence.

**ANSWER:**

**INTERROGATORY NO. 3:** Please identify any person not already named as a party to this lawsuit whom you contend caused or contributed to the occurrence complained of, including any architect, engineer, designer, contractor, subcontractor or others.

**ANSWER:**

**INTERROGATORY NO. 4:** Please identify each person with whom you are aware that witnessed the incident or the events occurring immediately before or after the incident; and/or who heard any statements made about the incident by any individual at the scene.

**ANSWER:**

**INTERROGATORY NO. 5:** Identify each employee or agent with personal knowledge of the incident and for each such person; identify his or her job title and job or function which was being performed by that individual at the time of the incident.

**ANSWER:**

**INTERROGATORY NO. 6:** Identify each person and/or employee interviewed concerning the incident, and for each such person, please state the date of the interview and the substance of the interview. If the interview was recorded and/or transcribed, a reproduction of the recording and/or transcript will suffice.

**ANSWER:**

**INTERROGATORY NO. 7:** Identify each and every written report made by any person or entity concerning the incident.

**ANSWER:**

**INTERROGATORY NO. 8:** Please state, in your own words, what you believe happened regarding the incident that is the subject of Plaintiffs' Complaint and include in your Answer the

basis upon which you have formed that belief, identifying each person who provided you with information which enabled you to respond to this Interrogatory.

**ANSWER:**

**INTERROGATORY NO. 9:** Identify all persons whom you intend to call as expert witnesses at the trial of this case, and for each such expert, identify:

    a.   The subject matter on which he or she is expected to testify;

    b.   The substance of the facts and opinions to which he or she is expected to testify;

    c.   A summary of the grounds for each opinion to which he or she will testify; and,

    d.   The basis upon which he or she qualifies as an expert on the subject matter to which he or she is expected to testify.

**ANSWER:**

**INTERROGATORY NO. 10:** Please identify your correct legal entity stating the date on which such entity was formed, the State of incorporation, the name(s) and address(es) of all officers, directors, general partners, limited partners and all other parties with any interest in your organization.

**ANSWER:**

**INTERROGATORY NO. 11:** Identify any previous or subsequent incident(s) of which you are aware that occurred in substantially the same manner as the incident complained of in this lawsuit, or which also occurred at the premises where this incident occurred within the last seven (7) years.

**ANSWER:**

**INTERROGATORY NO. 12:** Identify in detail any changes that have been made by you, or anyone on your behalf, to the physical site in the area where the incident occurred since the subject incident.

**ANSWER:**

**INTERROGATORY NO. 13:** Identify any procedures and policies which you followed, at and before the time of the incident in question, concerning the inspection, maintenance, repair, and/or cleaning of the area where Plaintiff Margie Childers' injuries occurred.

**ANSWER:**

**INTERROGATORY NO. 14:** Identify any warnings, whether verbal or written (such as by a sign, or otherwise) which were given to the Plaintiff, specifically, and/or to patrons or the public, in general, before the incident concerning the conditions which caused or contributed to the subject incident.

**ANSWER:**

**INTERROGATORY NO. 15:** Identify any admission(s) or declaration(s) against interest which you contend was made by the Plaintiffs following the subject incident.

**ANSWER:**

**INTERROGATORY NO. 16:** Identify the date and time on which you were first notified of the dangerous condition which ultimately caused Plaintiff Margie Childers' fall, which is the subject of this lawsuit, and identify the manner by which you became aware of this information.

**ANSWER:**

**INTERROGATORY NO. 17:** At the time of Plaintiff Margie Childers' injury, do you contend that any person or entity other than you was responsible for the maintenance, inspection and care of the location where Plaintiffs allege the injury occurred and, if so, state each and every fact and

6

writing on which you base the contention and identify each and every writing that supports the contention?

**ANSWER:**

**INTERROGATORY NO. 18:**  Describe in detail any conversations any representative has had with the Plaintiffs prior to or following the subject incident.

**ANSWER:**

**INTERROGATORY NO. 19:**  What efforts are you aware of that were made by the Defendant to correct the conditions which may have caused the occurrence in question before the incident in question?

**ANSWER:**

**INTERROGATORY NO. 20:**  Please describe what policies, procedures and training procedures you are aware of, if any, that are followed in the course of training of your employees with regard to customer reported incidents at this location, including but not limited to, any and all written material, slides, photographs, films, videotapes, which Defendant utilizes in training its employees.

**ANSWER:**

**INTERROGATORY NO. 21:**  Please state the name and address for any employees and/or agents who you understand were assigned to clean, inspect and/or maintain the location where the subject incident occurred at any time on October 14, 2018 and for the one year period of time prior to that date. Also, state if the employee(s) is still employed with your organization.

**ANSWER:**

**INTERROGATORY NO. 22:**   Please state the name and address of all employees and/or agents of the Defendant who were on duty on the date of the incident, October 14, 2018, and for the one week periods of time immediately preceding and following this date.

**ANSWER:**

**INTERROGATORY NO. 23:**   Please identify all repair records, maintenance records, work orders, invoices or other documents pertaining to the maintenance, upkeep or inspection of the location where the incident occurred for the five (5) year period of time preceding the date of this incident (October 14, 2018) through the present.

**ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Please produce copies of all documents that you identified, reviewed or relied upon in responding to the Interrogatories served herewith and copies of all documents referenced in your response to the same.

**RESPONSE:**

**REQUEST NO. 2:** The most recent resume or curriculum vitae of each expert whom you expect to call as an expert witness at trial, along with:

    a.  All written reports of each person whom you expect to call as an expert witness at trial;

    b.  All documents upon which any expert witness you intend to call at trial relied to form an opinion.

    c.  All notes, correspondence, bills, invoices, diagrams, photographs, x-rays or other documents prepared or reviewed by each person whom you expect to call as an expert witness at trial; and,

    d. All invoices generated by expert witnesses generated for performing all expert witness services to the defendant, including but not limited to, the fees for the medical examination, the records review, the pretrial preparation, any telephone conference, any trial testimony anticipated and any other fee paid by the defendants for expert fees.

**RESPONSE:**

**REQUEST NO. 3:** All written, recorded, or signed statements of any party, including the Plaintiff, Defendant, witnesses, investigators, or agent, representative or employee of the parties concerning the subject matter of this action.

**RESPONSE:**

**REQUEST NO. 4:** All documents, including but not limited to, any photographs, videotapes or audio tapes, x-rays, diagrams, medical records, surveys, drawings, or other graphic representations of information that relate in any way to the incident or the injuries suffered by Plaintiff(s) as a result of the incident, subject matter of this action, or the Plaintiffs.

**RESPONSE:**

**REQUEST NO. 5:** Any documents received pursuant to a subpoena request served by you.

**RESPONSE:**

**REQUEST NO. 6:** Any document prepared during the regular course of business as a result of the incident complained of in the Plaintiffs' Complaint.

**RESPONSE:**

**REQUEST NO. 7:** Copies of any treaties, standards in the industry, legal authority, rule, case, statute, or code that will be relied upon in the defense of this case.

**RESPONSE:**

9

**REQUEST NO. 8:** All maintenance records, logs, contracts, or other documents concerning the location where Plaintiff Margie Childers was injured for the five (5) year period prior to this occurrence, for the date of the occurrence, and for the time period following the occurrence to the present.

**RESPONSE:**

**REQUEST NO. 9:** Copies of any reports of accidents or incidents reasonably similar to the incident, as set forth in Plaintiff's Complaint, including but not limited to, incidents occurring in a manner similar to Plaintiff Margie Childers' incident at the location where this incident occurred, for the five (5) year period prior to the date of this incident, for the date of this incident, and for the time period following the occurrence up to the present.

**RESPONSE:**

**REQUEST NO. 10:** Copies of any and all reports and/or complaints made with regard to a condition of the Defendant's premises where this incident occurred for the five (5) year period prior to the date of this incident and during the period subsequent to the date of this incident to the present.

**RESPONSE:**

**REQUEST NO. 11:** Copies of any and all documents describing or referring to the system, routine, policies, or procedures of inspecting and/or maintaining the area where the incident occurred in effect on the date of this incident.

**RESPONSE:**

**REQUEST NO. 12:** Copies of any agreement between the named Defendant and any individual or entity hired to assist with the maintenance or care of the location where the incident occurred in effect on the date of this incident.

**RESPONSE:**

**REQUEST NO. 13:** Copies of any and all documents referring to or describing any repairs, replacements, maintenance, inspection, cleaning, or alteration to the location where this incident occurred which were performed for the five (5) year period prior to Plaintiff Margie Childers' incident up to and including the present.

**RESPONSE:**

**REQUEST NO. 14:** Copies of the personnel file for any employee/agent identified in your response to Interrogatory No. 21 in your possession, custody or control.

**RESPONSE:**

**REQUEST NO. 15:** Copies of the personnel file for any employee/agent identified in your response to Interrogatory No. 22 in your possession, custody or control.

**RESPONSE:**

**REQUEST NO. 16:** Copies of any policies, procedures, documents, materials or other items identified in your response to Interrogatory No. 20 in your possession, custody or control.

**RESPONSE:**

**REQUEST NO. 17:** Copies of any documents, materials or other items identified in your response to Interrogatory No. 23 in your possession, custody or control.

**RESPONSE:**

**REQUEST NO. 18:** Copies of any policies, procedures, documents, materials or other items identified in your response to Interrogatory No. 13 in your possession, custody or control.

**RESPONSE:**

**REQUEST NO. 19:** Copies of any documents, materials or other items identified in your response to Interrogatory No. 14 in your possession, custody or control.

11

**RESPONSE:**

Respectfully submitted,

**MORGAN & MORGAN – MEMPHIS, LLC.**

Bradford J. Spicer (#30357)
*Attorney for Plaintiffs*
One Commerce Square, 26th Floor
Memphis, Tennessee 38103
Phone: (901) 333-1895
Fax:    (901) 524-1784
bspicer@forthepeople.com

Bradford J. Spicer (#30357)
*Served with Complaint*

12

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**F I L E D**

MAY 1 3 2019

CIRCUIT COURT CLERK
BY _____ D.C.

| | |
|---|---|
| MARGIE CHILDERS and LARRY CHILDERS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| BASS PRO OUTDOOR WORLD, LLC d/b/a | )    Docket No. CT-0962-19, Div. 1 |
| UNCLE BUCK'S FISH BOWL AND GRILL, | )    JURY DEMANDED |
| | ) |
| Defendant. | ) |
| | ) |

---

### NOTICE OF APPEARANCE

---

John E. Anderson, Sr. and Ariel M. Kelly of the law firm of Dickinson Wright PLLC, 424

Church Street, Suite 800, Nashville, Tennessee, 37219 hereby enter their appearance on behalf of

Defendant Bass Pro Outdoor World, LLC[1] and respectfully request service of pleadings, notices

and other documents filed or generated in connection with this action.


Respectfully submitted,

DICKINSON WRIGHT PLLC

John E. Anderson, Sr., BPR #13698
Ariel M. Kelly, BPR #34340
424 Church Street, Suite 800
Nashville, TN 37219
Telephone: (615) 244-6538
Facsimile: (844) 670-6009
Email: JAnderson@dickinsonwright.com
Email: AKelly@dickinsonwright.com
*Attorneys for Defendant Bass Pro*
*Outdoor World, LLC*

---

[1] "Bass Pro Outdoor World, LLC d/b/a Uncle Buck's Fish Bowl and Grill" is not a "doing business as" entity of Bass Pro Outdoor World, LLC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via the Court's electronic filing system or served by first-class mail, postage prepaid, on May 8, 2019 to:

Bradford J. Spicer
Morgan & Morgan – Memphis, LLC
One Commerce Square, 26th Floor
Memphis, Tennessee 38103
bspicer@forthepeople.com
*Counsel for Plaintiffs*

John E. Anderson, Sr.

NASHVILLE 37128-53 688602v1

2

ELECTRONICALLY FILED
2019 Jun 27 11:42 AM
CLERK OF COURT

## IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**MARGIE CHILDERS and LARRY CHILDERS,**

    **Plaintiffs,**

**v.**

                            **Docket No.: _____**
                            **JURY DEMANDED**

**BASS PRO OUTDOOR WORLD, LLC d/b/a**
**UNCLE BUCK'S FISH BOWL AND GRILL,**

    **Defendant.**

### AMENDED COMPLAINT FOR DAMAGES

        **COME NOW** the Plaintiffs, Margie Childers and Larry Childers, by and through undersigned counsel and hereby file this Amended Complaint for Damages against the Defendant, Bass Pro Outdoor World, LLC d/b/a Uncle Buck's Fish Bowl and Grill, and would show the Court as follows:

### PARTIES

1.    Plaintiff, Margie Childers (hereafter "Mrs. Childers") is an adult resident of Hernando, Desoto County, Mississippi.

2.    Plaintiff Larry Childers (hereafter "Mr. Childers") is an adult resident of Hernando, Desoto County, Mississippi.

3.    Upon information and belief, Defendant, Bass Pro Outdoor World, LLC d/b/a Uncle Buck's Fish Bowl and Grill, is a Missouri for-profit corporation licensed to do business in Tennessee with its principal address located at Tax and License Div., 2500 E. Kearney Street,

Springfield, Missouri 65898-0001 and can be served with process through its registered agent C

T Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

## JURISDICTION AND VENUE

4.      Venue is properly situated in Shelby County pursuant to TENN CODE ANN 20-4-101 as the

injuries sustained by Plaintiff occurred in Shelby County, Tennessee.

5.      This Court has jurisdiction pursuant to Tenn. Code Ann. 16-1-101.

6.      This Court has subject matter jurisdiction over the causes of action pled herein.

7.      All events which form the basis of this Complaint for Damages are based in tort and

occurred in Memphis, Shelby County, Tennessee.

8.      Defendant, Bass Pro Outdoor World, LLC d/b/a Uncle Buck's Fish Bowl and Grill was

properly served with process.

## FACTS

9.      At all times pertinent to this Complaint, Defendant owned, operated and/or controlled a

business called Uncle Buck's Fish Bowl and Grill which is located at 1 Bass Pro Drive,

Memphis, Tennessee 38105.

10.     On or about October 14, 2018, Plaintiff, Margie Childers, was on the premises of Uncle

Buck's Fish Bowl and Grill.

11.     Mrs. Childers was walking inside Uncle Buck's Fish Bowl and Grill when suddenly, and

without warning, she slipped and fell on a liquid substance on the floor of the premises.

12.     Upon information and belief, Defendant owned, operated and/or controlled the Uncle Buck's Fish Bowl and Grill premises which was in a dangerous and defective state at the time of Mrs. Childers' fall due to the presence of the liquid substance.

13.     There were no warning signs or any other indication near the liquid substance to warn customers of the dangerous condition.

14.     Defendant knew or should have known of the dangerous condition of the premises which caused Mrs. Childers to fall and sustain injuries.

15.     As a direct and proximate result of the Defendant's negligence, Mrs. Childers sustained multiple serious, severe and permanent injuries.

## CAUSE OF ACTION
## NEGLIGENCE

16.     Plaintiffs reincorporate paragraphs 1-15 as though set forth verbatim.

17.     The Defendant, by and through the actions and/or inactions of its employees and/or agents, was negligent in its failure to adequately maintain the premises in the area in which Mrs. Childers fell.

18.     The Defendant, by and through the actions and/or inactions of its employees and/or agents, was negligent in its failure to warn Mrs. Childers of the possibility of injury while on the Defendant's premises.

19.     The Defendant, by and through the actions and/or inactions of its employees and/or agents, was negligent in its failure to conduct a reasonable inspection of the premises, including the area where the liquid was located and the surrounding areas, and for failing to adhere to policy/procedure or failing to institute an appropriate policy/procedure to maintain the premises in a safe manner.

3

20.     The Defendant, by and through the actions and/or inactions of its employees and/or agents, was negligent in failing to maintain a safe environment for Mrs. Childers and other guests while inside the Uncle Buck's Fish Bowl and Grill.

21.     The Defendant knew or in the exercise of reasonable care should have known of the presence of the dangerous condition, or, Defendant created the condition either through the acts of its employees, in its negligent maintenance of its premises, or its negligent method of operation and Defendant should have corrected the condition or warned Mrs. Childers of its existence yet failed to do so.

22.     Upon information and belief, the Defendant had actual and/or constructive notice of the dangerous and defective condition that caused Mrs. Childers to fall and sustain injuries yet failed to remedy the condition.

## DAMAGES

23.     Plaintiffs reincorporate paragraphs 1-22 as though set forth verbatim.

24.     As a direct and proximate result of the Defendant's negligence, Mrs. Childers suffered serious and severe personal injuries which were caused, precipitated and/or aggravated by the wrongs complained of herein.

25.     As a direct and proximate result of the Defendant's negligence, Mrs. Childers suffered severe injuries that required medical attention and may continue to require medical treatment in the future.

26.     As a direct and proximate result of the Defendant's negligence, Mrs. Childers has incurred, and may incur, large medical expenses, both past and future.

27.     As a direct and proximate result of Defendant's negligence, Mrs. Childers experienced physical pain and mental suffering, both past and future.

4

28.     As a direct and proximate result of the Defendant's negligence, Mrs. Childers suffered the loss of the enjoyment of life, both past and future.

29.     As a direct and proximate result of the Defendant's negligence, Mrs. Childers suffered injuries both temporary and permanent in nature.

30.     As a direct and proximate result of the Defendant's negligence, Mrs. Childers experienced severe pain and suffering, as well as emotional trauma and mental anguish, both past and future.

31.     As a direct and proximate result of the Defendant's negligence, Mrs. Childers experienced loss of earnings and loss of earning capacity, both past and future.

## LOSS OF CONSORTIUM AND
## SPOUSAL SERVICES

32.     As a direct and proximate result of one or more of the above acts of negligence, violation of state statutes and ordinances, Mr. Childers has suffered the following as a direct and proximate result of the negligence of Defendant:

   a)     Loss of Consortium;

   b)     Loss of Services;

   c)     Loss of Companionship; and

   d)     Such other further and general relief to which he may be entitled under the law and evidence presented.

## RELIEF SOUGHT

WHEREFORE PREMISES CONSIDERED, Plaintiffs, Margie Childers and Larry Childers, respectfully prays:

5

1.      That Plaintiffs be awarded the present cash value of any medical care and treatment that Mrs. Childers has undergone, or will have to undergo;

2.      That Plaintiffs be awarded special damages for medical, hospital and doctors expenses incurred, according to proof;

3.      That Plaintiffs be awarded compensatory damages in an amount to be determined by a jury;

4.      That Plaintiff, Margie Childers, be awarded an amount of compensatory damages in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00);

5.      That Plaintiff, Larry Childers, be awarded an amount of compensatory damages in the amount of Twenty Five Thousand Dollars ($25,000.00);

6.      That Plaintiffs be awarded post-judgment interest as allowed by law;

7.      That a jury be empaneled to try the issues when joined; and

8.      Such further relief as the Court may deem just and equitable.

Respectfully submitted,

**MORGAN & MORGAN - MEMPHIS, LLC**

Bradford J. Spicer (#30357)
*Attorney for Plaintiffs*
One Commerce Square, 26th Floor
Memphis, Tennessee 38103
Phone: (901) 333-1895
Fax:    (901) 524-1784
bspicer@forthepeople.com

6

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that a true and exact copy of the foregoing instrument has been served on the following interested parties, via U.S. Mail, postage pre-paid, on this the 2⁷ day of June , 2019.

John E. Anderson, Sr.
424 Church Street, Suite 800
Nashville, TN 37219
Telephone: (615) 244-6538
Fax: (615) 670-6009
E-mail: janderson@dickinsonwright.com

Bradford J. Spicer, Esq.

7

ELECTRONICALLY FILED
2019 Aug 07 1:28 PM
CLERK OF COURT

## IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | |
|---|---|
| **MARGIE CHILDERS and LARRY CHILDERS,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )   **Docket No. CT-0962-19, Div. 1** |
| | )   **12 PERSON JURY DEMAND** |
| **BASS PRO OUTDOOR WORLD, LLC d/b/a** | ) |
| **UNCLE BUCK'S FISH BOWL AND GRILL,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

---

### DEFENDANT BASS PRO OUTDOOR WORLD, LLC D/B/A UNCLE BUCK'S FISH BOWL AND GRILL'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF LARRY CHILDERS

---

Pursuant to Rules 26, 33 and 34 of the Tennessee Rules of Civil Procedure and the Local Rules of Practice for Shelby County, Defendant serves the following Interrogatories and Requests for Production of Documents on the Plaintiff, Larry Childers.

Under Rule 26, answers are to be made and seasonably supplemented on the basis of all information in possession of the party and the party's attorneys, unless privileged.

Rule 33.01 requires that:

(a)     Answers or objections to these Interrogatories be served within thirty (30) days of service thereof;

(b)     All questions be answered separately and fully, in writing and under oath, unless objected to;

(c)     Answers be signed by the party making them; and

(d)   Objections be signed by the attorney making them, and that reasons be stated for any objections.

Rule 34.02 requires that:

(a)   Responses to the Requests for Production be served within thirty (30) days of service thereof; and

(b)   Reasons for objections shall be stated.

### GLOSSARY

In the interest of clarity, Defendant hereby submits the following glossary of certain words and phrases utilized in these Interrogatories:

"**Identify**" -- When the identity of any person is requested in these Interrogatories, the information sought is:

1.   If the person is a natural person:  state the name, residential address, business address, residential phone number, business phone number, place of employment, employment title or position, name of employer and if employer has several offices, the address of the office at which the person is currently employed.  Also, if at the time of the action or omission referred to in these Interrogatories the person's employment or position differed from that which is current, so state, furnishing the appropriate information relative to employment, as above-described, at the time of the subject accident or omission.

2.   If the person is not a natural person: state the type of entity and furnish the business address, telephone number and name of the managing agent of the entity, and, in the event the response to these Interrogatories relate to actions or omissions by a non-natural person through its agent or employee, the name of the agent or employee

2

responsible for such action or omission, identifying such agent or employee as a natural person in the manner described in Section 1 above.

## INTERROGATORIES

1.      State your full name, social security number, date of birth, home address and business address, and if you have ever had your name legally changed or used an alias or other name for any reason, please state said name and the reason it was changed.

**RESPONSE:**

2.      State the name, age and relationship to all individuals residing with you on October 14, 2018.

**RESPONSE:**

3.      Please identify all persons of whom you or your attorneys are aware of the alleged actions of the Defendant that are the subject of the Complaint or any of the events immediately preceding or immediately following the alleged actions of the Defendant in this case.

**RESPONSE:**

3

4.     Please identify all other persons of whom you or your attorneys are aware who have knowledge of any fact or allegation set forth in your Complaint, including your injuries.

**RESPONSE:**

5.     Please state the injuries which you claim you sustained as a result of the alleged actions of the Defendant which form the basis of the instant lawsuit.

**RESPONSE:**

6.     With regard to the injuries you claim you sustained as a result of the aforementioned accident, please identify the name, address and telephone number of each physician, doctor, chiropractor, psychologist, psychiatrist, hospital or other health care facility and/or provider who rendered services and/or treatment to you and list the date(s) of treatment.

**RESPONSE:**

7.     Please itemize all medical expenses which you allege that you have incurred as a result of the accident that is the subject of the instant lawsuit.

**RESPONSE:**

4

8.     Please itemize all lost wages which you allege that you have incurred as a result of the accident that is the subject of this instant lawsuit.

**RESPONSE:**

9.     If you are claiming any permanent impairment as a result of the accident, state the amount of any permanent impairment being claimed and attach medical documentation upon which you rely for said claim.

**RESPONSE:**

10.     Please itemize all property damage which you allege that you have incurred as a result of the accident that is the subject of the instant lawsuit.

**RESPONSE:**

11.     Please itemize all payments that you have received from or on behalf of the Defendant or any other entity, including but not limited to payments received for property damage.

**RESPONSE:**

12.     Identify each individual who has possession of any written statement you have made concerning the alleged actions of the Defendant, or who are in possession of the transcription of any recorded statement you have made concerning the alleged actions of the Defendant.  If you have made none, so indicate.

5

**RESPONSE:**



13.    Identify each individual who has possession of any written statement made by the Defendant or representative of the Defendant concerning the alleged actions of the Defendant or possession of the transcription of any recorded statement made by the Defendant or representative of the Defendant concerning the alleged actions of the Defendant.  If you have none, so indicate.

**RESPONSE:**



14.    Pursuant to Rule 26.02(4) of the Tennessee Rules of Civil Procedure, with respect to all witnesses whom you will or may call as experts to give opinion testimony at the trial of this matter, please state:

(a)    The expert's name and address.

(b)    The subject matter on which the expert is expected to testify.

(c)    The substance of the facts and opinions to which the expert is expected to testify.

(d)    A summary of the grounds for each opinion held by the expert.

**RESPONSE:**



15.    As a result of the accident which forms the basis of the instant lawsuit, were any charts, maps, photographs, plats, drawings or other graphic representations made by you or on your behalf?

**RESPONSE:**

16.    Identify any and all physicians, doctors, chiropractors, psychologists, psychiatrists, hospitals, or other health care facilities and/or providers who rendered services and/or treatment to you prior to October 14, 2018.  (Please include your family physician.)

**RESPONSE:**

17.    Identify any and all physicians, doctors, chiropractors, psychologists, psychiatrists, hospitals, or other health care facilities and/or providers who rendered services and/or treatment to you after October 14, 2018.  (Do not include the subject accident.)

**RESPONSE:**

18.    State the date and nature of any social security benefit, disability benefit, or workers' compensation benefit that you have ever applied for or received from any agency, company, person, corporation or government.

**RESPONSE:**

19.    With regard to all lawsuits, other than the instant case, which you have ever been involved as a party, either plaintiff or defendant, state the following:

(a)    The city and state where the lawsuit was filed.

(b)     The caption of the lawsuit including the court in which it was pending and the docket number.

(c)     The nature of the lawsuit, *i.e.*, workers' compensation, automobile accident, products liability, criminal, etc.

(d)     The outcome of the lawsuit.

**RESPONSE:**

20.     Have you ever been charged or arrested for any criminal offense, other than traffic offenses, for any reason, at any time?  If so, state the date, charge, the court in which said charge was brought and the disposition thereof (*e.g.*, pled guilty, convicted, acquitted, etc.).

**RESPONSE:**

21.     If you are making a claim for lost earnings or loss of earnings capacity, please state your entire work history and for each employer, please state with particularity the following:

(a)     The name, address and telephone number of each employer.

(b)     All positions held.

(c)     The nature of the work performed.

(d)     Time periods during which you worked for such employer.

(e)     The reasons for termination.

(f)     Salary or wages received.

(g)     The name of your immediate supervisor.

8

**RESPONSE:**

22.    List your educational background including the names and addresses of each school you have attended and the grade completed.  Additionally, include the names and addresses of any technological or vocational programs you have attended and the dates you attended each.

**RESPONSE:**

23.    Please identify all witnesses to this accident.

**RESPONSE:**

24.    Identify all facts and documents which support your claims in Paragraph 19 of the Complaint for Damages.

**RESPONSE:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      With regard to each physician, doctor, chiropractor, psychologist, psychiatrist, hospital, or other health care facility and/or provider who rendered medical treatment as a result of the injuries you claim were sustained by you as a result of the accident at issue in this case, please attach each medical bill, medical record, report, doctor's note, insurance forms or other treatment record, prepared by each physician, doctor, etc., named above, as well as copies of any and all correspondence between such provider or providers and/or yourself or your attorney.

**RESPONSE:**


2.      If you are making a claim for lost earnings, attach documentation from your employer and/or employers sustaining the loss you are claiming.

**RESPONSE:**


3.      Produce all written statements identified in Interrogatory Nos. 12 and 13.

**RESPONSE:**


4.      Attach a copy of all reports, documents, etc. prepared by any expert identified in Interrogatory No. 14.

**RESPONSE:**

5.      Attach a copy of any such chart, map, photograph, plat, drawing or other graphic representation identified in Interrogatory No. 15.

**RESPONSE:**

6.      Copies of any and all photographs, videos or movies depicting the condition of Plaintiff, either prior to or after the accident of October 14, 2018.

**RESPONSE:**

7.      Produce for the five years preceding the subject accident, every income tax return filed by you with any agency of any government for the given five year period.

**RESPONSE:**

8.      For each medical provider identified in Interrogatory No. 16, please produce each medical bill, medical record, report, doctor's note, insurance forms or other treatment record, prepared by each physician, doctor, etc.

**RESPONSE:**

9.      For each medical provider identified in Interrogatory No. 17, please produce each medical bill, medical record, report, doctor's note, insurance forms or other treatment record, prepared by each physician, doctor, etc.

**RESPONSE:**

10.     For each lawsuit identified in Interrogatory No. 19, please produce copies of the Complaint, Answer and all discovery documents.

**RESPONSE:**

11.     Provide an executed and completed copy of the attached medical authorization.

**RESPONSE:**

12.     Provide an executed and completed copy of the attached employment release.

**RESPONSE:**

13.     Produce an executed and completed copy of the attached release for workers' compensation claim records, if you have sought any such benefits. If not, please so indicate.

**RESPONSE:**

14.     Attach all documents identified in the responses to the Interrogatories or relied upon in providing said responses.

**RESPONSE:**

15.     Produce a copy of all documents supporting your claims in this litigation.

**RESPONSE:**

12

16.    Produce a copy of all photographs depicting the condition of the premises on the date of the accident.

**RESPONSE:**


17.    Produce a copy of all photographs, videotapes, or any visual depictions depicting thnne physical injuries sustained by you in this accident.

**RESPONSE:**


Respectfully submitted,

DICKINSON WRIGHT PLLC

John E. Anderson, Sr., BPR #13698
Ariel M. Kelly, BPR #34340
424 Church Street, Suite 800
Nashville, TN 37219
Telephone: (615) 244-6538
Facsimile: (844) 670-6009
Email: JAnderson@dickinsonwright.com
Email: AKelly@dickinsonwright.com
*Attorneys for Defendant Bass Pro
Outdoor World, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent via the Court's electronic filing system or served by first-class mail, postage prepaid, on August ___, 2019 to:

Bradford J. Spicer
Morgan & Morgan – Memphis, LLC
One Commerce Square, 26th Floor
Memphis, Tennessee 38103
bspicer@forthepeople.com
*Counsel for Plaintiffs*

John E. Anderson, Sr.

13

STATE OF TENNESSEE      )
                                 )
COUNTY OF SHELBY        )

      I, Larry Childers, after having been duly sworn, according to law, make oath that the facts and statements contained in the foregoing answers to Interrogatories are true and correct, to the best of my knowledge, information and belief.


                                           _____
                                         LARRY CHILDERS

      Sworn to and subscribed before me, the undersigned, this _____ day of August, 2019.


                                           _____
                                         NOTARY PUBLIC

                                         My Commission Expires:_____

## MEDICAL RECORDS RELEASE AUTHORIZATION

     I hereby authorize _____ and its physicians, employees and agents to release or disclose to the below-named person or organization all of my medical records including any specially protected records such as those relating to psychological or psychiatric impairments, drug abuse, alcoholism, sickle cell anemia, or HIV infection.

     RELEASE RECORDS TO:          Dickinson Wright PLLC, or their proper representative
                                           424 Church Street, Suite 800
                                         Nashville, TN  37219

Patient's Name:_____
Patient's SS#:_____ Patient's Date of Birth:_____
Which physician's records?:_____
Purpose of Disclosures:_____
1.   Only records generated by the above-named health care provider (not including records received from other sources)........................... **INITIALS:_____**
2.   Only a portion of records maintained by the above-named healthcare provider (dates of treatment, etc. please specify:_____) ........ **INITIALS:_____**
3.  All records at this facility........................**INITIALS:____**

     <u>**If you DO NOT WANT certain portions of your medical records released, please read this section carefully and initial the boxes for information you do not want released. Otherwise, your records will be released as specified above.**</u>

     I authorize the above-named health care provider and its physicians, employees and agents to release the information specified to the organization, agency, or individual named on this request with the exception of:

<u>Initials</u>        <u>Initials</u>        <u>Initials</u>
_____ Substance abuse, if any     _____ Psychological or psychiatric conditions, in any     _____
AIDS/HIV/STD's, if any

     **This Authorization will expire on the following date or upon the occurrence of the following event:  One year from date of signature of this Release** _____

     ** I understand that I may revoke the Authorization at any time prior to the expiration date or event, but that my revocation will not have any effect on actions taken by the above-named health care provider or its physicians, employees or agents before they received my revocation.  Should I desire to revoke this Authorization, I must send written notice to the above-named health care provider.
     ** I understand that I am not required to sign this Authorization.  The above-named health care provider will not condition treatment, payment, enrollment or eligibility for benefits on whether I provide this Authorization.
     ** I understand that my records may be subject to disclosures by the recipient and may no longer be protected by federal privacy regulations.  I understand that this Authorization does not limit the above-named health care provider's or its physicians', employees' or agents' ability to use or disclose my information for treatment, payment, or health care operations, or as otherwise permitted by law.

     **Patient or Authorized Representative's Signature:**_____

     **Date:**_____         **Relationship to patient:**_____

## EMPLOYMENT AUTHORIZATION

TO WHOM IT MAY CONCERN:

I, Larry Childers, (Social Security No. _____), hereby authorize my employers to release a full and complete copy of my employment records, including all personnel records, attendance records, wage information, health care benefits records and workers' compensation records to the law offices of Dickinson Wright, PLLC or their designated representatives and/or agents.  This authorization shall not become invalid by the passage or expiration of time but shall continue in full force and effect unless and until specifically revoked by me.


_____

LARRY CHILDERS


_____

DATE

## RELEASE OF RECORDS
## RELATING TO WORKERS' COMPENSATION CLAIMS

I, Larry Childers, hereby release and consent to any appropriate state, federal or other agency releasing to the law firm of Dickinson Wright, PLLC, any and all records on file relating to any claims made by me for injuries on the job or relating to claims made for workers compensation or workers compensation type benefits.

_____

LARRY CHILDERS

Date of Birth:

Social Security No.:

NASHVILLE 37128-53 700769v1

17

ELECTRONICALLY FILED
2019 Aug 07 1:28 PM
CLERK OF COURT

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | |
|---|---|
| MARGIE CHILDERS and LARRY CHILDERS, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Docket No.  CT-0962-19, Div. 1** |
| ) | **12 PERSON JURY DEMAND** |
| BASS PRO OUTDOOR WORLD, LLC d/b/a ) | |
| UNCLE BUCK'S FISH BOWL AND GRILL, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## DEFENDANT BASS PRO OUTDOOR WORLD, LLC D/B/A UNCLE BUCK'S FISH BOWL AND GRILL'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF MARGIE CHILDERS

Pursuant to Rules 26, 33 and 34 of the Tennessee Rules of Civil Procedure and the Local Rules of Practice for Shelby County, Defendant serves the following Interrogatories and Requests for Production of Documents on the Plaintiff, Margie Childers.

Under Rule 26, answers are to be made and seasonably supplemented on the basis of all information in possession of the party and the party's attorneys, unless privileged.

Rule 33.01 requires that:

(a)     Answers or objections to these Interrogatories be served within thirty (30) days of service thereof;

(b)     All questions be answered separately and fully, in writing and under oath, unless objected to;

(c)     Answers be signed by the party making them; and

(d)     Objections be signed by the attorney making them, and that reasons be stated for any objections.

Rule 34.02 requires that:

(a)     Responses to the Requests for Production be served within thirty (30) days of service thereof; and

(b)     Reasons for objections shall be stated.

**GLOSSARY**

In the interest of clarity, Defendant hereby submits the following glossary of certain words and phrases utilized in these Interrogatories:

"**Identify**" -- When the identity of any person is requested in these Interrogatories, the information sought is:

1.     If the person is a natural person:  state the name, residential address, business address, residential phone number, business phone number, place of employment, employment title or position, name of employer and if employer has several offices, the address of the office at which the person is currently employed.  Also, if at the time of the action or omission referred to in these Interrogatories the person's employment or position differed from that which is current, so state, furnishing the appropriate information relative to employment, as above-described, at the time of the subject accident or omission.

2.     If the person is not a natural person:  state the type of entity and furnish the business address, telephone number and name of the managing agent of the entity, and, in the event the response to these Interrogatories relate to actions or omissions by a non-natural person through its agent or employee, the name of the agent or employee

2

responsible for such action or omission, identifying such agent or employee as a natural person in the manner described in Section 1 above.

## INTERROGATORIES

1.     State your full name, social security number, date of birth, home address and business address, and if you have ever had your name legally changed or used an alias or other name for any reason, please state said name and the reason it was changed.

**RESPONSE:**

2.     State the name, age and relationship to all individuals residing with you on October 14, 2018.

**RESPONSE:**

3.     Please identify all persons of whom you or your attorneys are aware of the alleged actions of the Defendant that are the subject of the Complaint or any of the events immediately preceding or immediately following the alleged actions of the Defendant in this case.

**RESPONSE:**

3

4.    Please identify all other persons of whom you or your attorneys are aware who have knowledge of any fact or allegation set forth in your Complaint, including your injuries.

**RESPONSE:**

5.    Please state the injuries which you claim you sustained as a result of the alleged actions of the Defendant which form the basis of the instant lawsuit.

**RESPONSE:**

6.    With regard to the injuries you claim you sustained as a result of the aforementioned accident, please identify the name, address and telephone number of each physician, doctor, chiropractor, psychologist, psychiatrist, hospital or other health care facility and/or provider who rendered services and/or treatment to you and list the date(s) of treatment.

**RESPONSE:**

7.    Please itemize all medical expenses which you allege that you have incurred as a result of the accident that is the subject of the instant lawsuit.

**RESPONSE:**

8.    Please itemize all lost wages which you allege that you have incurred as a result of the accident that is the subject of this instant lawsuit.

**RESPONSE:**

9.    If you are claiming any permanent impairment as a result of the accident, state the amount of any permanent impairment being claimed and attach medical documentation upon which you rely for said claim.

**RESPONSE:**

10.    Please itemize all property damage which you allege that you have incurred as a result of the accident that is the subject of the instant lawsuit.

**RESPONSE:**

11.    Please itemize all payments that you have received from or on behalf of the Defendant or any other entity, including but not limited to payments received for property damage.

**RESPONSE:**

12.    Identify each individual who has possession of any written statement you have made concerning the alleged actions of the Defendant, or who are in possession of the transcription of any recorded statement you have made concerning the alleged actions of the Defendant.  If you have made none, so indicate.

**RESPONSE:**

13.     Identify each individual who has possession of any written statement made by the Defendant or representative of the Defendant concerning the alleged actions of the Defendant or possession of the transcription of any recorded statement made by the Defendant or representative of the Defendant concerning the alleged actions of the Defendant.  If you have none, so indicate.

**RESPONSE:**

14.     Pursuant to Rule 26.02(4) of the Tennessee Rules of Civil Procedure, with respect to all witnesses whom you will or may call as experts to give opinion testimony at the trial of this matter, please state:

(a)     The expert's name and address.

(b)     The subject matter on which the expert is expected to testify.

(c)     The substance of the facts and opinions to which the expert is expected to testify.

(d)     A summary of the grounds for each opinion held by the expert.

**RESPONSE:**

15.     As a result of the accident which forms the basis of the instant lawsuit, were any charts, maps, photographs, plats, drawings or other graphic representations made by you or on your behalf?

**RESPONSE:**

16.    Identify any and all physicians, doctors, chiropractors, psychologists, psychiatrists, hospitals, or other health care facilities and/or providers who rendered services and/or treatment to you prior to October 14, 2018.  (Please include your family physician.)

**RESPONSE:**

17.    Identify any and all physicians, doctors, chiropractors, psychologists, psychiatrists, hospitals, or other health care facilities and/or providers who rendered services and/or treatment to you after October 14, 2018.  (Do not include the subject accident.)

**RESPONSE:**

18.    State the date and nature of any social security benefit, disability benefit, or workers' compensation benefit that you have ever applied for or received from any agency, company, person, corporation or government.

**RESPONSE:**

19.    With regard to all lawsuits, other than the instant case, which you have ever been involved as a party, either plaintiff or defendant, state the following:

(a)    The city and state where the lawsuit was filed.

7

(b)      The caption of the lawsuit including the court in which it was pending and the docket number.

(c)      The nature of the lawsuit, *i.e.*, workers' compensation, automobile accident, products liability, criminal, etc.

(d)      The outcome of the lawsuit.

**RESPONSE:**

20.      Have you ever been charged or arrested for any criminal offense, other than traffic offenses, for any reason, at any time?  If so, state the date, charge, the court in which said charge was brought and the disposition thereof (*e.g.*, pled guilty, convicted, acquitted, etc.).

**RESPONSE:**

21.      If you are making a claim for lost earnings or loss of earnings capacity, please state your entire work history and for each employer, please state with particularity the following:

(a)      The name, address and telephone number of each employer.

(b)      All positions held.

(c)      The nature of the work performed.

(d)      Time periods during which you worked for such employer.

(e)      The reasons for termination.

(f)      Salary or wages received.

(g)      The name of your immediate supervisor.

8

**RESPONSE:**

22.    List your educational background including the names and addresses of each school you have attended and the grade completed.  Additionally, include the names and addresses of any technological or vocational programs you have attended and the dates you attended each.

**RESPONSE:**

23.    Please identify all witnesses to this accident.

**RESPONSE:**

24.    Identify all facts and documents which support your claims in Paragraph 19 of the Complaint for Damages.

**RESPONSE**:

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     With regard to each physician, doctor, chiropractor, psychologist, psychiatrist, hospital, or other health care facility and/or provider who rendered medical treatment as a result of the injuries you claim were sustained by you as a result of the accident at issue in this case, please attach each medical bill, medical record, report, doctor's note, insurance forms or other treatment record, prepared by each physician, doctor, etc., named above, as well as copies of any and all correspondence between such provider or providers and/or yourself or your attorney.

**RESPONSE:**

2.     If you are making a claim for lost earnings, attach documentation from your employer and/or employers sustaining the loss you are claiming.

**RESPONSE:**

3.     Produce all written statements identified in Interrogatory Nos. 12 and 13.

**RESPONSE:**

4.     Attach a copy of all reports, documents, etc. prepared by any expert identified in Interrogatory No. 14.

**RESPONSE:**

5.      Attach a copy of any such chart, map, photograph, plat, drawing or other graphic representation identified in Interrogatory No. 15.

**RESPONSE:**

6.      Copies of any and all photographs, videos or movies depicting the condition of Plaintiff, either prior to or after the accident of October 14, 2018.

**RESPONSE:**

7.      Produce for the five years preceding the subject accident, every income tax return filed by you with any agency of any government for the given five year period.

**RESPONSE:**

8.      For each medical provider identified in Interrogatory No. 16, please produce each medical bill, medical record, report, doctor's note, insurance forms or other treatment record, prepared by each physician, doctor, etc.

**RESPONSE:**

9.      For each medical provider identified in Interrogatory No. 17, please produce each medical bill, medical record, report, doctor's note, insurance forms or other treatment record, prepared by each physician, doctor, etc.

**RESPONSE:**

10.    For each lawsuit identified in Interrogatory No. 19, please produce copies of the Complaint, Answer and all discovery documents.

**RESPONSE:**

11.    Provide an executed and completed copy of the attached medical authorization.

**RESPONSE:**

12.    Provide an executed and completed copy of the attached employment release.

**RESPONSE:**

13.    Produce an executed and completed copy of the attached release for workers' compensation claim records, if you have sought any such benefits. If not, please so indicate.

**RESPONSE:**

14.    Attach all documents identified in the responses to the Interrogatories or relied upon in providing said responses.

**RESPONSE:**

15.    Produce a copy of all documents supporting your claims in this litigation.

**RESPONSE:**

16.   Produce a copy of all photographs depicting the condition of the premises on the date of the accident.

**RESPONSE:**


17.   Produce a copy of all photographs, videotapes, or any visual depictions depicting thnne physical injuries sustained by you in this accident.

**RESPONSE:**


Respectfully submitted,

DICKINSON WRIGHT PLLC

John E. Anderson, Sr., BPR #13698
Ariel M. Kelly, BPR #34340
424 Church Street, Suite 800
Nashville, TN 37219
Telephone: (615) 244-6538
Facsimile: (844) 670-6009
Email: JAnderson@dickinsonwright.com
Email: AKelly@dickinsonwright.com
*Attorneys for Defendant Bass Pro
Outdoor World, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent via the Court's electronic filing system or served by first-class mail, postage prepaid, on August 7, 2019 to:

Bradford J. Spicer
Morgan & Morgan – Memphis, LLC
One Commerce Square, 26th Floor
Memphis, Tennessee 38103
bspicer@forthepeople.com
*Counsel for Plaintiffs*

John E. Anderson, Sr.

13

STATE OF TENNESSEE          )
                           )
COUNTY OF SHELBY           )

      I, Margie Childers, after having been duly sworn, according to law, make oath that the facts and statements contained in the foregoing answers to Interrogatories are true and correct, to the best of my knowledge, information and belief.


                              _____
                              MARGIE CHILDERS

      Sworn to and subscribed before me, the undersigned, this _____ day of August, 2019.


                              _____
                              NOTARY PUBLIC

                              My Commission Expires:_____

14

## MEDICAL RECORDS RELEASE AUTHORIZATION

I hereby authorize _____ and its physicians, employees and agents to release or disclose to the below-named person or organization all of my medical records including any specially protected records such as those relating to psychological or psychiatric impairments, drug abuse, alcoholism, sickle cell anemia, or HIV infection.

RELEASE RECORDS TO:            Dickinson Wright PLLC, or their proper representative
                               424 Church Street, Suite 800
                               Nashville, TN 37219

Patient's Name:_____
Patient's SS#:_____ Patient's Date of Birth:_____
Which physician's records?:_____
Purpose of Disclosures:_____
1.   Only records generated by the above-named health care provider (not including records received from other sources)............................**INITIALS:_____**
2.   Only a portion of records maintained by the above-named healthcare provider (dates of treatment, etc. please specify:_____) ..........**INITIALS:_____**
3.  All records at this facility........................**INITIALS:____**

**If you DO NOT WANT certain portions of your medical records released, please read this section carefully and initial the boxes for information you do not want released. Otherwise, your records will be released as specified above.**

I authorize the above-named health care provider and its physicians, employees and agents to release the information specified to the organization, agency, or individual named on this request with the exception of:

Initials          Initials          Initials
_____ Substance abuse, if any     _____ Psychological or psychiatric conditions, in any     _____ AIDS/HIV/STD's, if any

**This Authorization will expire on the following date or upon the occurrence of the following event: One year from date of signature of this Release _____**

** I understand that I may revoke the Authorization at any time prior to the expiration date or event, but that my revocation will not have any effect on actions taken by the above-named health care provider or its physicians, employees or agents before they received my revocation. Should I desire to revoke this Authorization, I must send written notice to the above-named health care provider.
** I understand that I am not required to sign this Authorization. The above-named health care provider will not condition treatment, payment, enrollment or eligibility for benefits on whether I provide this Authorization.
** I understand that my records may be subject to disclosures by the recipient and may no longer be protected by federal privacy regulations. I understand that this Authorization does not limit the above-named health care provider's or its physicians', employees' or agents' ability to use or disclose my information for treatment, payment, or health care operations, or as otherwise permitted by law.

Patient or Authorized Representative's Signature:_____

Date:_____            Relationship to patient:_____

15

## **EMPLOYMENT AUTHORIZATION**

TO WHOM IT MAY CONCERN:

I, Margie Childers, (Social Security No. _____), hereby authorize my employers to release a full and complete copy of my employment records, including all personnel records, attendance records, wage information, health care benefits records and workers' compensation records to the law offices of Dickinson Wright, PLLC or their designated representatives and/or agents.  This authorization shall not become invalid by the passage or expiration of time but shall continue in full force and effect unless and until specifically revoked by me.

_____

MARGIE CHILDERS

_____

DATE

## RELEASE OF RECORDS
## RELATING TO WORKERS' COMPENSATION CLAIMS

I, Margie Childers, hereby release and consent to any appropriate state, federal or other agency releasing to the law firm of Dickinson Wright, PLLC, any and all records on file relating to any claims made by me for injuries on the job or relating to claims made for workers compensation or workers compensation type benefits.


_____

MARGIE CHILDERS


Date of Birth:

Social Security No.:


NASHVILLE 37128-53 696823v1


17

ELECTRONICALLY FILED
2019 Aug 07 1:28 PM
CLERK OF COURT

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

MARGIE CHILDERS and LARRY CHILDERS,  )
                                                )

     Plaintiffs,                           )
                                                )

v.                                         )   **Docket No. CT-0962-19, Div. 1**
                                         )   **12 PERSON JURY DEMAND**

BASS PRO OUTDOOR WORLD, LLC d/b/a  )
UNCLE BUCK'S FISH BOWL AND GRILL,  )
                                                )

     Defendant.                         )
                                                )

---

**ANSWER OF BASS PRO OUTDOOR WORLD, LLC TO THE PLAINTIFFS'
AMENDED COMPLAINT FOR DAMAGES**

---

       Comes the Defendant, Bass Pro Outdoor World, LLC ("Bass Pro" or "this Defendant"), incorrectly identified in the Complaint, and for its answer to the Amended Complaint for Damages states as follows:

       1.    Bass Pro is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiffs' Amended Complaint for Damages, and demands strict proof thereof.

       2.    Bass Pro is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiffs' Amended Complaint for Damages, and demands strict proof thereof.

       3.    Bass Pro admits it is qualified to do business in the state of Tennessee and further admits that it has been served with a copy of the Summons and Complaint for Damages in this case. All objections contained in paragraph 3 of the Complaint which are inconsistent with the foregoing are denied.

4.      Bass Pro admits that venue is proper in this case as the alleged accident occurred in Shelby County, Tennessee.  Bass Pro is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 4 of Plaintiffs' Amended Complaint for Damages, and demands strict proof thereof.

5.      Bass Pro admits the allegations contained in paragraph 5 of the Amended Complaint for Damages.

6.      Bass Pro admits the allegations contained in paragraph 6 of the Amended Complaint for Damages.

7.      Bass Pro admits that the alleged accident occurred in Shelby County, Tennessee. Bass Pro is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 7 of Plaintiffs' Amended Complaint for Damages, and demands strict proof thereof.

8.      Bass Pro admits it has been properly served with process in this case.

9.      Bass Pro admits it was the owner and operator of the business of the premises which is located at 1 Bass Pro Drive, Memphis, Tennessee 38105.

10.     Upon information and belief, Bass Pro admits the allegations contained in paragraph 10 of the Amended Complaint for Damages.

11.     Bass Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Amended Complaint for Damages, and demands strict proof thereof.

12.     Bass Pro admits that it was the owner and operator of the Uncle Buck's Fishbowl and Grill premises on the date of the subject accident. Bass Pro denies the allegation contained in paragraph 12 of the Amended Complaint for Damages that a dangerous and defective condition

2

existed on its premises on the date of the subject accident.  Bass Pro is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 12 of the Amended Complaint, and demands strict proof thereof.

13.     Bass Pro admits there were no warning signs in the area of the Plaintiffs' fall at the time of the fall.  Bass Pro denies the remainder of the allegations contained in paragraph 13 of the Plaintiffs' Amended Complaint for Damages.

14.     Bass Pro denies the allegations contained in paragraph 14 of the Plaintiffs' Amended Complaint for Damages.

15.     Bass Pro denies the allegations of negligence contained in paragraph 15 of the Plaintiffs' Amended Complaint for Damages.  Bass Pro is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 15 of the Amended Complaint for Damages, and demands strict proof thereof.

16.     Bass Pro incorporates its responses in paragraphs 1 through 15 of the Amended Complaint for Damages as thus set forth verbatim.

17.     Bass Pro denies the allegations contained in paragraph 17 of the Amended Complaint for Damages.

18.     Bass Pro denies the allegations contained in paragraph 18 of the Amended Complaint for Damages.

19.     Bass Pro denies the allegations contained in paragraph 19 of the Amended Complaint for Damages.

20.     Bass Pro denies the allegations contained in paragraph 20 of the Amended Complaint for Damages.

21.     Bass Pro denies the allegations contained in paragraph 21 of the Amended Complaint for Damages.

22.     Bass Pro denies the allegations contained in paragraph 22 of the Amended Complaint for Damages.

23.     Bass Pro incorporates its responses in paragraphs 1 through 23 of the Amended Complaint for Damages as thus set forth verbatim.

24.     Bass Pro denies the allegations of negligence contained in paragraph 24 of the Plaintiffs' Amended Complaint for Damages.  Bass Pro is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 24 of the Plaintiffs' Amended Complaint for Damages, and demands strict proof thereof.

25.     Bass Pro denies the allegations of negligence contained in paragraph 25 of the Plaintiffs' Amended Complaint for Damages.  Bass Pro is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 25 of the Plaintiffs' Amended Complaint for Damages, and demands strict proof thereof.

26.     Bass Pro denies the allegations of negligence contained in paragraph 26 of the Plaintiffs' Amended Complaint for Damages.  Bass Pro is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 26 of the Plaintiffs' Amended Complaint for Damages, and demands strict proof thereof.

27.     Bass Pro denies the allegations of negligence contained in paragraph 27 of the Plaintiffs' Amended Complaint for Damages.  Bass Pro is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 27 of the Plaintiffs' Amended Complaint for Damages, and demands strict proof thereof.

4

28.     Bass Pro denies the allegations of negligence contained in paragraph 28 of the Plaintiffs' Amended Complaint for Damages.  Bass Pro is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 28 of the Plaintiffs' Amended Complaint for Damages, and demands strict proof thereof.

29.     Bass Pro denies the allegations of negligence contained in paragraph 29 of the Plaintiffs' Amended Complaint for Damages.  Bass Pro is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 29 of the Plaintiffs' Amended Complaint for Damages, and demands strict proof thereof.

30.     Bass Pro denies the allegations of negligence contained in paragraph 30 of the Plaintiffs' Amended Complaint for Damages.  Bass Pro is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 30 of the Plaintiffs' Amended Complaint for Damages, and demands strict proof thereof.

31.     Bass Pro denies the allegations of negligence contained in paragraph 31 of the Plaintiffs' Amended Complaint for Damages.  Bass Pro is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 31 of the Plaintiffs' Amended Complaint for Damages, and demands strict proof thereof.

32.     Bass Pro denies the allegations of negligence contained in paragraph 32 of the Plaintiffs' Amended Complaint for Damages.  Bass Pro is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 32 of the Plaintiffs' Amended Complaint for Damages, and demands strict proof thereof.

33.     Bass Pro denies the Plaintiffs are entitled to the relief requested in the prayer for relief portion of the Plaintiffs' Amended Complaint for Damages.

34.     All allegations in the Plaintiffs' Amended Complaint for Damages not heretofore admitted, denied, or otherwise addressed are here and now denied.

35.     The Amended Complaint for Damages fails to state a claim upon which relief can be granted against Bass Pro and should be dismissed.

36.     Bass Pro reserves the right to amend this Answer to assert additional denials and affirmative defenses based upon its continuing investigation and discovery in this case.

37.     Bass Pro demands a twelve (12) member jury trial in this case.

38.     The Plaintiffs' Amended Complaint for Damages fails to state a claim upon which relief can be granted and should be dismissed.

39.     Bass Pro denies it is at fault in this case.

40.     Bass Pro denies it is negligent in this case.

41.     Bass Pro denies that it had actual or constructive notice of an alleged dangerous condition at issue in this case.

42.     Bass Pro denies that a dangerous condition existed on its premises at the time of this accident.

43.     Bass Pro relies upon the affirmative defense of the comparative fault of the Plaintiff in this case.  The Plaintiff is at fault for failing to see what was there to be seen, failing to take action to avoid this accident, carelessness, failing to keep proper lookout ahead, etc.  The negligence and fault of the Plaintiff will bar or reduce any recovery in this case pursuant to the Tennessee Doctrine of Comparative Fault.

44.     Bass Pro acted reasonably for the safety of its customers at all times in this case.

45.     Bass Pro asserts the affirmative defense of the comparative fault of non-party Federal Building Services, Inc., 1641 Barclay Blvd., Buffalo Grove, Illinois 60889, in this case.

6

Federal Building Services, Inc. was under contract with Bass Pro Outdoor World, LLC to perform maintenance services at Bass Pro including but not limited to performing maintenance of the floors. To the extent the Plaintiff alleged a condition on the floor constituted a dangerous and/or defective condition, Bass Pro asserts the potential comparative fault of Federal Building Services, Inc.

Wherefore, for the foregoing reasons, Bass Pro moves the Court for entry of an order of dismissal with costs assessed against the Plaintiffs. In the alternative, Bass Pro demands a twelve (12) member jury trial in this case.

Respectfully submitted,

DICKINSON WRIGHT PLLC

John E. Anderson, Sr., BPR #13698
Ariel M. Kelly, BPR #34340
424 Church Street, Suite 800
Nashville, TN 37219
Telephone: (615) 244-6538
Facsimile: (844) 670-6009
Email: JAnderson@dickinsonwright.com
Email: AKelly@dickinsonwright.com
*Attorneys for Defendant Bass Pro*
*Outdoor World, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via the Court's electronic filing system or served by first-class mail, postage prepaid, on August 7, 2019 to:

Bradford J. Spicer
Morgan & Morgan – Memphis, LLC
One Commerce Square, 26th Floor
Memphis, Tennessee 38103
bspicer@forthepeople.com
*Counsel for Plaintiffs*

John E. Anderson, Sr.

NASHVILLE 37128-53 696791v1

7

ELECTRONICALLY FILED
2019 Aug 27 12:47 PM
CLERK OF COURT

## IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**MARGIE CHILDERS and LARRY CHILDERS,**

    **Plaintiffs,**

**v.**                                                    **Docket No.:  CT-0962-19; Div. I**
                                                         **JURY DEMANDED**

**BASS PRO OUTDOOR WORLD, LLC d/b/a**
**UNCLE BUCK'S FISH BOWL AND GRILL,**

    **Defendant.**

---

### NOTICE OF APPEARANCE

---

    COMES NOW Elaine Sheng of Morgan & Morgan – Memphis, LLC, and hereby enters her appearance as co-counsel for Plaintiffs, Margie Childers and Larry Childers, in this cause.

               Respectfully submitted,

               **MORGAN & MORGAN – MEMPHIS, LLC**

By:    _____
        Bradford J. Spicer (TNBPR No. 30357)
        Elaine Sheng (TNBPR No. 18438)
        40 S. Main Street, Ste. 2600
        Memphis, TN 38103
        Phone: (901) 217-7000
        Fax:  (901) 333-1897
        bspicer@forthpeople.com
        esheng@forthepeople.com

        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that a true and exact copy of the foregoing instrument has been served on the following interested parties, via U.S. Mail, postage pre-paid, on this the 2 day of August, 2019.

John E. Anderson, Sr.
424 Church Street, Suite 800
Nashville, TN 37219
Telephone: (615) 244-6538
Fax: (615) 670-6009
E-mail: janderson@dickinsonwright.com

Elaine Sheng, Esq.

2

ELECTRONICALLY FILED
2019 Sep 09 3:19 PM
CLERK OF COURT

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

MARGIE CHILDERS and LARRY CHILDERS,

     **Plaintiffs,**

v.                                **Docket No.: CT-0962-19; Div. I**
                                        **JURY DEMANDED**

BASS PRO OUTDOOR WORLD, LLC d/b/a
UNCLE BUCK'S FISH BOWL AND GRILL and
FEDERAL BUILDING SERVICES, INC.,

     **Defendants.**

---

## UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

---

**COMES NOW** the Plaintiffs, Margie Childers and Larry Childers, by and through counsel, and pursuant to Rule 15 of the Tennessee Rules of Civil Procedure, moves the Court for permission to file a Second Amended Complaint in the form of **Exhibit A**. As grounds therefore, Plaintiff would show the following:

1. Rule 15 provides that "leave [to amend] shall be freely given…" *See* Tenn. R. Civ. P. 15.01.

2. In its Answer to Plaintiff's Amended Complaint, filed on August 7, 2019, Bass Pro alleged comparative fault against Federal Building Services, Inc., an entity with whom Defendant contracted to provide maintenance and cleaning services to the subject premises of the lawsuit.

3. Federal Building Services, Inc. may have liability and/or comparative fault in regards to Plaintiff's injuries giving rise to this cause.

4. The statute of limitations for Plaintiff's claim is October 13, 2019.

## ARGUMENT

This Court should grant Plaintiff's Motion for Leave to file an Amended Complaint. Mrs. Childers and Mr. Childers have a "constitutionally protected right" to have the disputed factual issues in his case decided by a jury, including factual issues with regard to liability and the amount of damages. *Duran v. Hyundai Motor Am., Inc.*, 271 S.W.3d 178, 209 (Tenn. Ct. App. 2008) (citations omitted). "Juries bear the primary responsibility for determining liability and awarding damages in personal injury cases." Id. (citing *Transports, Inc. v. Perry*, 220 Tenn. 57, 67, 414 S.W.2d 1, 5 (1967); *Shuey v. Frierson*, 197 Tenn. 235, 241–42, 270 S.W.2d 883, 886 (1954).

Rule 15.01 mandates that leave to amend "shall be freely given when justice so requires." TENN. R. CIV. P. 15.01. The determination of whether to allow an amendment to the pleadings is left to the sound discretion of the trial court. *George v. Bldg. Materials Corp. of Am.*, 44 S.W.3d 481, 486 (Tenn. 2001) (citing *Harris v. St. Mary's Med. Ctr., Inc.*, 726 S.W.2d 902, 904 (Tenn.1987)). "Amended pleadings may be filed before trial, after trial, or even after appeal so long as the trial court has jurisdiction and so long as the trial court does not abuse its discretion in allowing the amendment." Id.

Here, Plaintiffs' Amendment seeks to add Federal Building Services, Inc. as a Defendant as they have been identified as the entity that provided cleaning and maintenance services to the subject property. The statute of limitations for Plaintiff's claim runs on October 13, 2019 and they would be barred from asserting a claim against Federal Building Services, Inc. should further facts emerge that Federal Building Services Inc. may have comparative fault in Plaintiffs' injuries.

2

This amendment presents no prejudice to the Defendant.  Further, if "[t]he most important factor to consider in ruling on a motion to amend is the potential prejudicial effect on the opposing party," *Mohr v. DaimlerChrysler Corp.* 2008 WL 4613584, No. W2006-0382-COA-R3-CV (Tenn. Ct. App. Oct. 14, 2008) (citing *Blocker v. Dearborn & Ewing*, 851 S.W.2d 825 (Tenn.Ct.App.1992)), this matter should be granted, as an additional named Defendant, in and of itself is not prejudice.   This Court should grant Plaintiffs' Motion and allow him to amend his Complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request a special setting by the Court pursuant to Shelby County Local Rule 19 to hear the issues set forth in this Motion and permission to amend this Complaint as shown in the proposed Second Amended Complaint attached as Exhibit A.

Respectfully submitted,

MORGAN & MORGAN – MEMPHIS, LLC

By:

Elaine Sheng (TNBPR No. 18438)
Bradford J. Spicer (TNBPR No. 30357)
*Attorneys for Plaintiff*
40 S. Main Street, Ste. 2600
Memphis, TN 38103
Phone: (901) 217-7000
Fax:  (901) 333-1897
bspicer@forthepeople.com
esheng@forthepeople.com

3

## CERTIFICATE OF CONSULATION

Undersigned counsel hereby certifies that opposing counsel was consulted concerning the issues addressed in this Motion by email on August 28, 2019.  Mr. Anderson stated that he had no opposition to Plaintiffs amending the Complaint to add Federal Building Services, Inc. as another Defendant.

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that a true and exact copy of the foregoing instrument has been served on the following interested parties, via U.S. Mail, postage pre-paid, on this the ___ day of September, 2019.

John E. Anderson, Sr., Esq.
424 Church Street, Suite 800
Nashville, TN  37219
*Attorney for Defendant Bass Pro Outdoor World, LLC*

Elaine Sheng

4

ELECTRONICALLY FILED
2019 Sep 24 11:15 AM
CLERK OF COURT

**IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

MARGIE CHILDERS and LARRY CHILDERS

     Plaintiffs,

v.
                                  Docket No.:   CT-0962-19
                                  Div. I

                                  **JURY DEMANDED**

BASS PRO OUTDOOR WORLD, LLC d/b/a/
UNCLE BUCK'S FISH BOWL AND GRILL

     Defendant.

---

**SUBSTITUTION OF COUNSEL AND NOTICE OF APPEARANCE ON BEHALF OF
BASS PRO OUTDOOR WORLD, LLC**

---

       Defendant, Bass Pro Outdoor World, LLC ("Bass Pro") advises the Court and other parties that Margaret Cooper Roney, Laura L. Deakins, of the law firm of Lewis, Thomason, King, Krieg & Waldrop, P.C., hereby enters a Notice of Appearance on behalf of the Defendant Bass Pro, in substitution of John E. Anderson, Sr., Ariel M. Kelly, and the law firm of Dickinson Wright, PLLC.   Counsel respectfully requests the service of pleadings, notices, and other documents filed or generated in connection with this action to be sent to Lewis Thomason, 40 South Main Street, Suite 2900, Memphis, Tennessee 38103.

GAL1M-00006

Respectfully submitted,

**LEWIS, THOMASON, KING,**
**KRIEG & WALDROP, P.C.**

MARGARET COOPER RONEY (#26250)
LAURA L. DEAKINS (#30131)
Suite 2900, One Commerce Square
40 S. Main Street
Memphis, TN 38103
(901) 525-8721
*Attorneys for Defendant, Bass Pro Outdoor World,*
*LLC*

**DICKINSON WRIGHT, PLLC**

w/ permission
Laura
Deakins

John E. Anderson, Sr. (#13698)
Ariel M. Kelly (#34340)
424 Church Street, Suite 800
Nashville, Tennessee 37219
(615) 244-6538
janderson@dickinsonwright.com

GAL1M-00006

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a copy of the foregoing has been served via electronic mail and/or U.S. Mail, postage prepaid upon the following counsel of record, this the 24th day of September, 2019:

MORGAN & MORGAN – MEMPHIS
Bradford J. Spicer (#30157)
Elaine Sheng (#18438)
40 South Main Street, Suite 2600
Memphis, Tennessee 38103
(901) 217-7000
bspicer@forthepeople.com
esheng@forthepeople.com
*Counsel for Plaintiffs*

DICKINSON WRIGHT, PLLC
John E. Anderson, Sr.
424 Church Street, Suite 800
Nashville, Tennessee 37219
(615) 244-6538
janderson@dickinsonwright.com

Laura L. Deakins

9092211

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

MARGIE CHILDERS and LARRY CHILDERS,

    PLAINTIFFS,

V.                                                                    DOCKET NO. CT-0962-19
                                                                     JURY DEMAND

BASS PRO OUTDOOR WORLD, LLC d/b/a
UNCLE BUCK'S FISH BOWL AND GRILL,

    DEFENDANTS

## RESPONSE OF PLAINTIFF LARRY CHILDERS TO DEFENDANT'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

COMES NOW the Plaintiff, Larry Childers, by and through his counsel of record and hereby submits the following responses to the Interrogatories and Requests for Production of Documents from Defendant pursuant to the Tennessee Rules of Civil Procedure.

### OVERVIEW AND GENERAL OBJECTIONS

These Answers are not intended to, nor should they be construed as affecting waivers regarding any objection Plaintiff may have in relation to the relevance, materiality, admissibility, privilege or competence of the various discovery propounded or of the information and documents identified herein.   On the contrary, these Answers are intended to preserve and do, in fact, preserve all of Plaintiff's right to object on any grounds at any time to the discovery itself or to the use of information gained through this discovery in this litigation.

Plaintiff further reserves the right to object to additional discovery addressed to matters covered by this discovery request, whether or not answers are furnished herein.   Plaintiff

expressly reserves the right to supplement, revise, add to, clarify or correct any answers herein.

**INTERROGATORY NO. 1:**   State your full name, social security number, date of birth, home address and business address, and if you have ever had your name legally changed or used an alias or other name for any reason, please state said name and the reason it was changed.

> **RESPONSE:**      **Larry Dale Childers**
> **11385 Woodland Lake Drive**
> **Hernando, MS 38632**

**Date of birth and social security number to be provided under separate cover.**

**INTERROGATORY NO. 2:**   State the name, age, and relationship to all individuals residing with you on October 14, 2018.

> **RESPONSE:**   **Margie Childers, age 66, wife**

**INTERROGATORY NO. 3:**   Please identify all persons of whom you or your attorneys are aware of the alleged actions of the Defendant that are the subject of the Complaint or any of the events immediately preceding or immediately following the alleged actions of the Defendant in this case.

> **RESPONSE:**   **The following individuals are aware of the alleged actions of the Defendant that are the subject of the Complaint:**

> **Margie Childers – Co-Plaintiff and injured party**

> **Russell Dale Lee, grandson**
> **Eli Addison Lee, grandson**
> **Taylor Cage Lee, grandson**
> **Kimberly Cleveland, daughter**
> **Thomas Cleveland, son-in-law**

> **An unknown female employee assisted Mrs. Childers immediately after the subject incident occurred.**

**INTERROGATORY NO. 4:**   Please identify all other persons of whom you or your attorneys are aware who have knowledge of any fact or allegation set forth in your Complaint, including your injuries.

**RESPONSE:   In addition to all parties named in response to Interrogatory No. 3, there were two (2) unknown male employees who were present and wrote an incident report. All of Mrs. Childers' medical providers have knowledge of the allegations set forth in the Complaint regarding Mrs. Childers' injuries.**

**INTERROGATORY NO. 5:**   Please state the injuries which you claim you sustained as a result of the alleged actions of the Defendant which form the basis of the instant lawsuit.

**RESPONSE:   As a result of the alleged actions of the Defendant which form the basis of the instant lawsuit, Mr. Childers had to do all of the cooking and meal preparation, take care of the family pets, laundry, and washing dishes.   Additionally, Mr. Childers had to help Mrs. Childers get up and down as she was unable to put any weight on her injured leg.   Mr. Childers had to drive Mrs. Childers to all doctors' appointments and take care of all grocery shopping.   Mr. Childers was unable to sleep in the same bed as Mrs. Childers due to the sensitivity of her injury.   Any physical contact caused severe pain for Mrs. Childers as Mr. Childers is an active sleeper.   Mr. and Mrs. Childers were unable to be intimate during the healing process.**

**INTERROGATORY NO. 6:**   With regard to the injuries you claim you sustained as a result of the aforementioned accident, please identify the name, address and telephone number of each physician, doctor, chiropractor, psychologist, psychiatrist, hospital, or other health care facility and/or provider who rendered services and/or treatment to you and list the date(s) of treatment.

**RESPONSE:   None.**

**INTERROGATORY NO. 7:**   Please itemize all medical expenses which you allege that you have incurred as a result of the accident that is the subject of the instant lawsuit

**RESPONSE: None.**

**INTERROGATORY NO. 8:**   Please itemize all lost wages which you allege that you have incurred as a result of the accident that is the subject of this instant lawsuit.

**RESPONSE: Mr. Childers did not have any lost wages.   He is retired.**

**INTERROGATORY NO. 9:**   If you are claiming any permanent impairment as a result of the accident, state the amount of any permanent impairment being claimed and attach medical documentation upon which you rely for said claim.

**RESPONSE:   Mr. Childers is not claiming any permanent impairment.**

**INTERROGATORY NO. 10:**   Please itemize all property damage which you allege that you have incurred as a result of the accident that is the subject of the instant lawsuit.

**RESPONSE:   Mr. Childers is not claiming any property damage as a result of the accident that is the subject of this lawsuit.**

**INTERROGATORY NO. 11:**   Please itemize all payments that you have received from or on behalf of the Defendant or any other entity, including but not limited to payments received for property damage.

**RESPONSE:   Mr. Childers has not received any payments on behalf of the Defendant or any other entity.**

**INTERROGATORY NO. 12:**   Identify each individual who has possession of any written statement you have made concerning the alleged actions of the Defendant, or who are in

possession of the transcription of any recorded statement you have made concerning the alleged actions of the defendant.   If you have made none, so indicate.

**RESPONSE: Plaintiff is not in possession of any transcript or written statements concerning the alleged actions of the Defendant.   Upon information and belief, an unknown manager of the Defendant's establishment wrote an incident report on a legal pad.   Plaintiff is also aware that Mrs. Childers spoke with a representative from the insurance company representing the Defendant; however, the representative's name is unknown.**

**INTERROGATORY NO. 13:**   Identify each individual who has possession of any written statement made by the Defendant or representative of the Defendant concerning the alleged actions of the Defendant or possession of the transcription of any recorded statement made by the Defendant or representative of the Defendant concerning the alleged actions of the Defendant. If you have none, so indicate.

**RESPONSE:   Plaintiff is unaware of who has possession of any written statements made by the Defendant or representative of the Defendant.**

**INTERROGATORY NO. 14:**   Pursuant to Rule 26.02(4) of the Tennessee Rules of Civil Procedure, with respect to all witnesses whom you will or may call as experts to give opinion testimony at the trial of this matter, please state:

    a)   The expert's name and address.

    b)   The subject matter on which the expert is expected to testify.

    c)   The substance of the facts and opinions to which the expert is expected to testify.

    d)   A summary of the grounds for each opinion held by the expert.

**RESPONSE:   Plaintiff has not yet determined which experts will testify at the trial**

of this matter, but anticipates the testimony of one or more of Mrs. Childers' treating physicians will be necessary and that he may call any of the treating physicians contained within the medical records to testify regarding the reasonableness and necessity of the extensive medical treatment Mrs. Childers has received as a result of the subject incident. Plaintiff reserves the right to supplement and/or amend this response in accordance with the requirements of the Tennessee Rules of Civil Procedure.

**INTERROGATORY NO. 15:**  As a result of the accident which forms the basis of the instant lawsuit, were any charts, maps, photographs, plats, drawings or other graphic representations made by you or on your behalf?

**RESPONSE:   Upon information and belief, no charts, maps, photographs, plats, drawings, or other graphic representations were made by or for Plaintiff.**

**INTERROGATORY NO. 16:**  Identify any and all physicians, doctors, chiropractors, psychologists, psychiatrists, hospitals, or other health care facilities and/or providers who rendered services and/or treatment to you prior to October 14, 2018.  (Please include your family physician.)

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.**

**INTERROGATORY NO. 17:**  Identify any and all physicians, doctors, chiropractors, psychologists, psychiatrists, hospitals, or other health care facilities and/or providers who rendered services and/or treatment to you after October 14, 2018.  (Do not include the subject accident.)

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of**

admissible evidence.

**INTERROGATORY NO. 18:**  State the date and nature of any social security benefit, disability benefit, or workers' compensation benefit that you have ever applied f9or or received from any agency, company, person, corporation or government.

**RESPONSE: Plaintiff objects to this Interrogatory to the extent it violates the Collateral Source Rule and seeks information that is outside the scope of Rule 26 of the Tennessee Rules of Civil Procedure.**

**INTERROGATORY NO. 19:**  With regard to all lawsuits, other than the instant case, which you have ever been involved as a party, either plaintiff or defendant, state the following:

    a)  The city and state where the lawsuit was filed.

    b)  The caption of the lawsuit including the court in which it was pending and the docket number.

    c)  The nature of the lawsuit, *i.e.,* workers' compensation, automobile accident, products liability, criminal, etc.

    d)  The outcome of the lawsuit.

**RESPONSE: Plaintiff has never been a party to any other lawsuit.**

**INTERROGATORY NO. 20:**  Have you ever been charged or arrested for any criminal offense, other than traffic offenses, for any reason, at any time?  If so, state the date, charge, the court in which said charge was brought and the disposition thereof (e.g., pled guilty, convicted, acquitted, etc.).

**RESPONSE: Plaintiff has never been charges or arrested for any criminal offense.**

**INTERROGATORY NO. 21:**   If you are making a claim for lost earnings or loss of earnings capacity, please state your entire work history and for each employer, please state with particularity the following:

    a)  The name, address and telephone number of each employer.

    b)  All positions held.

    c)  The nature of the work performed.

    d)  Time periods during which you worked for such employer.

    e)  The reasons for termination.

    f)  Salary or wages received.

    g)  The name of your immediate supervisor.

**RESPONSE: Plaintiff is not making a claim for lost earnings or loss of earning capacity.**

**INTERROGATORY NO. 22:**   List your educational background including the names and addresses of each school you have attended and the grade completed.   Additionally, include the names and addresses of any technological or vocational programs you have attended and the dates you attended each.

**RESPONSE: Plaintiff graduated from Hernando High School, located at 805 Dilworth Lane, Hernando, MS 38632 in 1970.**

**INTERROGATORY NO. 23:**   Please identify all witnesses to this accident.

**RESPONSE: Plaintiff is unaware of any witnesses to this accident.**

**INTERROGATORY NO. 24:**   Identify all facts and documents which support your claims in Paragraph 19 of the Complaint for Damages.

**RESPONSE: Plaintiff objects to this Interrogatory to the extent that it requests a**

**legal conclusion. Subject to and without waiving the foregoing objection, the Defendant, as owner and operator of the establishment should have conducted routine inspections of the premises, including the area where liquid was allowed to remain on the floor without the presence of warning signs to protect the safety of patrons and guests including Mr. Childers and Mrs. Childers.**

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:** With regard to each physician, doctor, chiropractor, psychologist, hospital, or other health care facility and/or provider who rendered medical treatment as a result of the injuries you claim were sustained by you as a result of the accident at issue in this case, please attach each medical bill, medical record, report, doctor's note, insurance forms or other treatment record, prepared by each physician, doctor, etc., named above, as well as copies of any and all correspondence between such provider or providers and/or yourself or your attorney.

**RESPONSE: Plaintiff objects to this Request on the grounds that it seeks irrelevant and immaterial information, and is not reasonably calculated to lead to the discovery of admissible evidence; it is overbroad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.**

**REQUEST FOR PRODUCTION NO. 2:** If you are making a claim for lost earnings, attach documentation from your employer and/or employers sustaining the loss you are claiming.

**RESPONSE: Plaintiff is not making a claim for lost earnings.**

**REQUEST FOR PRODUCTION NO. 3:** Produce all written statements identified in Interrogatory Nos. 12 and 13.

**RESPONSE: Plaintiff is not in possession of any written statements responsive to this Request.**

**REQUEST FOR PRODUCTION NO. 4:** Attach a copy of all reports, documents, etc. prepared by any expert identified in Interrogatory No. 14.

**RESPONSE: Trial witnesses and/or exhibits have not been determined at this time, but will be disclosed at a later date pursuant to Tennessee Rules of Civil Procedure. Plaintiff will supplement this Response in accordance with the requirements of the Tennessee Rules of Civil Procedure.**

**REQUEST FOR PRODUCTION NO. 5:** Attach a copy of any such chart, map, photograph, plat, drawing, or other graphic representation identified in Interrogatory No. 15.

**RESPONSE: Plaintiff is not in possession of any documents responsive to Request No. 5.**

**REQUEST FOR PRODUCTION NO. 6:** Copies of any and all photographs, videos or movies depicting the condition of Plaintiff, either prior to or after the accident of October 14, 2018.

**RESPONSE: Plaintiff is not in possession of any photographs, videos, or movies responsive to this Request.**

**REQUEST FOR PRODUCTION NO. 7:** Produce for the five years preceding the subject accident, every income tax return filed by you with any government agency for the given five year period.

**RESPONSE: Plaintiff objects to this Request as he is not making a claim for lost earnings or lost capacity for earning.**

**REQUEST FOR PRODUCTION NO. 8:** For each medical provider identified in Interrogatory No. 16, please produce each medical bill, medical record, report, doctor's note, insurance forms or other treatment record, prepared by each physician, doctor, etc.

**RESPONSE: Plaintiff objects to this Request on the grounds that it seeks irrelevant and immaterial information, and is not reasonably calculated to lead to the discovery of admissible evidence; it is overbroad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.**

**REQUEST FOR PRODUCTION NO. 9:** For each medical provider identified in Interrogatory No. 17, please produce each medical bill, medical record, report, doctor's note, insurance forms, or other treatment record, prepared by each physician, doctor, etc.

**RESPONSE:  Plaintiff objects to this Request on the grounds that it seeks irrelevant and immaterial information, and is not reasonably calculated to lead to the discovery of admissible evidence; it is overbroad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.**

**REQUEST FOR PRODUCTION NO. 10:** For each lawsuit identified in Interrogatory No. 19, please produce copies of the Complaint, Answer, and all discovery documents.

**RESPONSE: Plaintiff did not identify any lawsuits in Interrogatory No. 19; therefore, he is not in possession of any documents responsive to this Request.**

**REQUEST FOR PRODUCTION NO. 11:** Provide an executed and completed copy of the attached medical authorization.

**RESPONSE: Plaintiff objects to this Request on the grounds that it seeks irrelevant and immaterial information, and is not reasonably calculated to lead to the discovery of admissible evidence; it is overbroad, unduly burdensome and is not reasonably calculated**

to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 12:** Provide an executed and completed copy of the attached employment release.

**RESPONSE: Plaintiff objects to this Request on the grounds that it seeks irrelevant and immaterial information, and is not reasonably calculated to lead to the discovery of admissible evidence; it is overbroad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.**

**REQUEST FOR PRODUCTION NO. 13:** Produce an executed and completed copy of the attached release for workers' compensation claim records, if you have sought any such benefits. If not, please indicate.

**RESPONSE: Plaintiff objects to this Request on the grounds that it seeks irrelevant and immaterial information, and is not reasonably calculated to lead to the discovery of admissible evidence; it is overbroad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.**

**REQUEST FOR PRODUCTION NO. 14:** Attach all documents identified in the responses to the Interrogatories or relied upon in providing said responses.

**RESPONSE: Plaintiff is not in possession of any documents responsive to this Request.**

**REQUEST FOR PRODUCTION NO. 15:** Produce a copy of all documents supporting your claims in this litigation.

**RESPONSE:  Plaintiff is not in possession of any documents responsive to this Request.**

**REQUEST FOR PRODUCTION NO. 16:** Produce a copy of all photographs depicting the condition of the premises on the date of the accident.

**RESPONSE: Plaintiff is not in possession of any photographs responsive to this Request.**

**REQUEST FOR PRODUCTION NO. 17:** Produce a copy of all photographs, videotapes, or any visual depictions depicting any physical injuries sustained by you in this accident.

**RESPONSE: Plaintiff is not in possession of any photographs, videotapes, or any visual depictions responsive to this Request.**

Respectfully submitted,

**MORGAN & MORGAN**

Elaine Sheng, Esq. (TN BPR #18438)
One Commerce Square, Suite 2600
Memphis, TN 38103
Telephone: (901) 217-7000
Fax:  (901) 333-1882
esheng@forthepeople.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I, Elaine Sheng, do hereby certify that a copy of the foregoing pleading was mailed on this ___ day of October, 2019, to:

Laura Deakins
Lewis Thomason, King, Krieg, & Waldrop, P.C.
424 Church Street, Suite 250

Nashville, TN 37219

Elaine Sheng

## VERIFICATION

STATE OF Tennessee

COUNTY OF Shelby

I, Larry Childers, after first being duly sworn, state as follows:

I have read Plaintiff's Responses to the First Set of Interrogatories from Defendant, and the responses are true and correct.

*Larry D Childers*
(Signature)

Larry D. Childers
(Printed Name)

Sworn and subscribed before me, a Notary Public, this the 9 day of September 20 19.

*Marla Thacker*
Notary Public

My commission expires: 9/7/2022

MARLA THACKER
STATE OF
TENNESSEE
NOTARY
PUBLIC
SHELBY COUNTY
MY COMMISSION EXPIRES 9-7-2022

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

MARGIE CHILDERS and LARRY CHILDERS,

       Plaintiffs,

v.

                                          **Docket No.: CT-0962-19; Div. 1**
                                          **JURY DEMANDED**

BASS PRO OUTDOOR WORLD, LLC d/b/a
UNCLE BUCK'S FISH BOWL AND GRILL,

       Defendant.

---

## ~~PROPOSED~~ ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT

---

UPON Plaintiffs' Motion for Leave to Amend Complaint, it appears to the Court that there is no opposition to Plaintiffs' Motion to Amend the Complaint for the purpose of adding an additional Defendant, Federal Building Services, Inc.  The Court hereby finds good cause and hereby grants Plaintiffs' Motion for Leave to Amend Complaint pursuant to T.C.A. § 20-1-119 of the Tennessee Rules of Civil Procedure.

IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED that the Plaintiffs shall be allowed to amend this Complaint as set forth in the Motion for Leave to Amend Complaint and that the amendment relates back to the date of the Original Complaint filed on March 6 2019.

Felicia Corbin Johnson
_____
JUDGE

Date: _____10.21.19_____



A TRUE COPY ATTEST
TEMIKA D. GIPSON, Clerk

By _____ D.C.

PREPARED BY:

MORGAN & MORGAN – MEMPHIS, LLC

Elaine Sheng (TNBPR No. 18438)
Bradford J. Spicer (TNBPR No. 30357)
*Attorneys for Plaintiff*
40 S. Main Street, Ste. 2600
Memphis, TN 38103
Phone: (901) 217-7000
Fax:  (901) 333-1897
bspicer@forthepeople.com
esheng@forthepeople.com

Laura Deakins, Esq.
*Attorney for Defendant*
Lewis Thomason
40 S. Main Street
Memphis, TN 38103
Phone: (615) 244-6538
Fax: (615) 670-6009
ldeakins@lewisthomason.com

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that a true and exact copy of the foregoing instrument has been served on the following interested parties, via U.S. Mail, postage pre-paid, on this the 2 day of October, 2019.

Laura Deakins
Lewis Thomason
40 S. Main Street
Memphis, TN 38103

Elaine Sheng

2

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

MARGIE CHILDERS and LARRY CHILDERS,

    PLAINTIFFS,

V.                                                         DOCKET NO. CT-092-19

BASS PRO OUTDOOR WORLD, LLC d/b/a
UNCLE BUCK'S FISH BOWL AND GRILL,

    DEFENDANTS

## RESPONSE OF PLAINTIFF MARGIE CHILDERS TO DEFENDANT'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

COMES NOW the Plaintiff, Margie Childers, by and through her counsel of record and hereby submits the following responses to the Interrogatories and Requests for Production of Documents from Defendant pursuant to the Tennessee Rules of Civil Procedure.

### OVERVIEW AND GENERAL OBJECTIONS

These Answers are not intended to, nor should they be construed as affecting waivers regarding any objection Plaintiff may have in relation to the relevance, materiality, admissibility, privilege or competence of the various discovery propounded or of the information and documents identified herein. On the contrary, these Answers are intended to preserve and do, in fact, preserve all of Plaintiff's right to object on any grounds at any time to the discovery itself or to the use of information gained through this discovery in this litigation.

Plaintiff further reserves the right to object to additional discovery addressed to matters covered by this discovery request, whether or not answers are furnished herein. Plaintiff

*Page 1 of 16*

expressly reserves the right to supplement, revise, add to, clarify or correct any answers herein.

**INTERROGATORY NO. 1:**   State your full name, social security number, date of birth, home address and business address, and if you have ever had your name legally changed or used an alias or other name for any reason, please state said name and the reason it was changed.

> **RESPONSE:**          **Margie Kendall Childers**
> **11385 Woodland Lake Drive**
> **Hernando, MS 38632**
>
> **Business address:**
> **Parkway Health & Rehab**
> **200 SW Parkway**
> **Memphis, TN 38109**
>
> **Plaintiff has also used the following names:   Margie Lynn Childers (maiden), Margie Carlisle, and Margie Manues.**
>
> **Date of birth and social security number to be provided under separate cover.**

**INTERROGATORY NO. 2:**   State the name, age, and relationship to all individuals residing with you on October 14, 2018.

> **RESPONSE:   Larry Dale Childers, 65, husband**

**INTERROGATORY NO. 3:**   Please identify all persons of whom you or your attorneys are aware of the alleged actions of the Defendant that are the subject of the Complaint or any of the events immediately preceding or immediately following the alleged actions of the Defendant in this case.

> **RESPONSE:   Larry Childers – Co-Plaintiff**
>
> **Russell Dale Lee, grandson**
> **Eli Addison Lee, grandson**
> **Taylor Cage Lee, grandson**
> **Kimberly Cleveland, daughter**
> **Thomas Cleveland, son-in-law**

*Page 2 of 16*

An unknown female employee assisted Mrs. Childers immediately after the subject incident occurred.

**INTERROGATORY NO. 4:**  Please identify all other persons of whom you or your attorneys are aware who have knowledge of any fact or allegation set forth in your Complaint, including your injuries.

**RESPONSE:** In addition to all parties named in response to Interrogatory No. 3, there were two (2) unknown male employees who were present and wrote an incident report.   All of Mrs. Childers' medical providers have knowledge of the allegations set forth in the Complaint regarding Mrs. Childers' injuries.

**INTERROGATORY NO. 5:**   Please state the injuries which you claim you sustained as a result of the alleged actions of the Defendant which form the basis of the instant lawsuit.

**RESPONSE:**   Plaintiff sustained a fractured right patella and severe back strain.

**INTERROGATORY NO. 6:**   With regard to the injuries you claim you sustained as a result of the aforementioned accident, please identify the name, address and telephone number of each physician, doctor, chiropractor, psychologist, psychiatrist, hospital, or other health care facility and/or provider who rendered services and/or treatment to you and list the date(s) of treatment.

**RESPONSE:** Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.   Without waiving the foregoing objection, Plaintiff's providers are detailed below:

| Dates | Facility/Provider | Treatment |
|---|---|---|
| 10/15/18 – 11/21/18 | Campbell Clinic<br>PO Box 18698<br>Belfast, ME 04915 | Treatment of fractured patella and lower back pain. |

*Page 3 of 16*

| 11/29/18 – 03/21/19 | Cornerstone Rehab 421 East Commerce Street Hernando, MS | Physical Therapy for knee rehabilitation and lower back pain. |

Plaintiff reserves the right to supplement and/or amend this response.

**INTERROGATORY NO. 7:**   Please itemize all medical expenses which you allege that you have incurred as a result of the accident that is the subject of the instant lawsuit

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.   Without waiving the foregoing objection, Plaintiff's medical expenses are detailed below:**

| Dates | Facility/Provider | Total |
|---|---|---|
| 10/15/18 – 11/21/18 | Campbell Clinic PO Box 18698 Belfast, ME 04915 | $3,123.00 |
| 11/29/18 – 03/21/19 | Cornerstone Rehab 421 East Commerce Street Hernando, MS | $3,019.00 |
| 11/27/18 – 01/28/19 | Dr. Robert Skinner Family Medical Clinic 3451 Goodman Rd., Ste. 115 Southaven, MS 38672 | $1,087.00 |
| TOTAL | | $7,229.00 |

Plaintiff reserves the right to supplement and/or amend this response.

**INTERROGATORY NO. 8:**   Please itemize all lost wages which you allege that you have incurred as a result of the accident that is the subject of this instant lawsuit.

**RESPONSE: Plaintiff works PRN.   Due to this incident, she had to be off work for three (3) months.   She generally worked 10-15 days per month.    When she returned to work in February 13, 2019, she was only able to work a total of five (5) days for the month of February.**

*Page 4 of 16*

**INTERROGATORY NO. 9:**   If you are claiming any permanent impairment as a result of the accident, state the amount of any permanent impairment being claimed and attach medical documentation upon which you rely for said claim.

**RESPONSE: Plaintiff is still being treated for this incident.   Plaintiff reserves the right to supplement and/or amend this response.**

**INTERROGATORY NO. 10:**   Please itemize all property damage which you allege that you have incurred as a result of the accident that is the subject of the instant lawsuit.

**RESPONSE:   Plaintiff is not alleging any property damage as a result of this incident.**

**INTERROGATORY NO. 11:**   Please itemize all payments that you have received from or on behalf of the Defendant or any other entity, including but not limited to payments received for property damage.

**RESPONSE:   Plaintiff objects to this Interrogatory to the extent it violates the Collateral Source Rule and seeks information that is outside the scope of Rule 26 of the Tennessee Rules of Civil Procedure.**

**INTERROGATORY NO. 12:**   Identify each individual who has possession of any written statement you have made concerning the alleged actions of the Defendant, or who are in possession of the transcription of any recorded statement you have made concerning the alleged actions of the defendant.   If you have made none, so indicate.

**RESPONSE: Plaintiff is not in possession of any transcripts or written statements concerning the alleged actions of the Defendant.   She is unaware of who is in possession of the documents.   An unknown manager representing the Defendant wrote an incident report on a legal pad at the time of the incident.   Furthermore, Plaintiff spoke with an unknown**

female representative from the Defendant's insurance carrier.

**INTERROGATORY NO. 13:**  Identify each individual who has possession of any written statement made by the Defendant or representative of the Defendant concerning the alleged actions of the Defendant or possession of the transcription of any recorded statement made by the Defendant or representative of the Defendant concerning the alleged actions of the Defendant. If you have none, so indicate.

**RESPONSE:  Plaintiff is not in possession of any transcripts or written statements concerning the alleged actions of the Defendant.   She is unaware of who is in possession of the documents.   An unknown manager representing the Defendant wrote an incident report on a legal pad at the time of the incident.   Furthermore, Plaintiff spoke with an unknown female representative from the Defendant's insurance carrier.**

**INTERROGATORY NO. 14:**  Pursuant to Rule 26.02(4) of the Tennessee Rules of Civil Procedure, with respect to all witnesses whom you will or may call as experts to give opinion testimony at the trial of this matter, please state:

    a) The expert's name and address.

    b) The subject matter on which the expert is expected to testify.

    c) The substance of the facts and opinions to which the expert is expected to testify.

    d) A summary of the grounds for each opinion held by the expert.

**RESPONSE: Plaintiff has not yet determined which experts will testify at the trial of this matter, but anticipates the testimony of one or more of her treating physicians will be necessary and that she may call any of the treating physicians contained within the medical records to testify regarding the reasonableness and necessity of the extensive medical treatment she has received as a result of the subject incident. Plaintiff reserves the right to**

supplement and/or amend this response in accordance with the requirements of the Tennessee Rules of Civil Procedure.

**INTERROGATORY NO. 15:**   As a result of the accident which forms the basis of the instant lawsuit, were any charts, maps, photographs, plats, drawings or other graphic representations made by you or on your behalf?

**RESPONSE: Plaintiff is not in possession of any charts, maps, photographs, plats, drawings, or other graphic representations made as a result of this incident.**

**INTERROGATORY NO. 16:**   Identify any and all physicians, doctors, chiropractors, psychologists, psychiatrists, hospitals, or other health care facilities and/or providers who rendered services and/or treatment to you prior to October 14, 2018.   (Please include your family physician.)

**RESPONSE:**   **Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.   Without waiving the foregoing objection, between 2008 and October 14, 2018, Plaintiff received treatment from the following providers:**

| Dates | Facility/Provider | Treatment |
|---|---|---|
| 2016 | Dr. John Hope<br>2620 Hwy. 51 S.<br>Hernando, MS 38632 | Sciatic pain |
| 2017 – present | Dr. Robert Skinner<br>Family Medical Practice<br>3451 Goodman Road, #115<br>Southaven, MS 38672 | PCP, High Blood Pressure, Cardiomyopathy |
| 2011 – present | Dr. Krouse<br>Stern Cardiovascular<br>7362 Southcrest Parkway<br>Southaven, MS 38671 | Cardiac Care |
| 2010 – present | Dr. Somer<br>West Clinic<br>7668 Airways Blvd. | Cancer follow-up |

| | Southaven, MS 38671 | |
|---|---|---|

Plaintiff reserves the right to supplement and/or amend this response.

**INTERROGATORY NO. 17:**  Identify any and all physicians, doctors, chiropractors, psychologists, psychiatrists, hospitals, or other health care facilities and/or providers who rendered services and/or treatment to you after October 14, 2018.   (Do not include the subject accident.)

**RESPONSE:**   Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.   Without waiving the foregoing objection, since October 14, 2018, Plaintiff has received treatment from the following providers:

| Dates | Facility/Provider | Treatment |
|---|---|---|
| 2016 – As needed | Dr. John Hope<br>2620 Hwy. 51 S.<br>Hernando, MS 38632 | Sciatic pain |
| 2017 – present | Dr. Robert Skinner<br>Family Medical Practice<br>3451 Goodman Road, #115<br>Southaven, MS 38672 | PCP, High Blood Pressure,<br>Cardiomyopathy |
| 2011 – present | Dr. Krouse<br>Stern Cardiovascular<br>7362 Southcrest Parkway<br>Southaven, MS 38671 | Cardiac Care |
| 2010 – present | Dr. Somer<br>West Clinic<br>7668 Airways Blvd.<br>Southaven, MS 38671 | Cancer follow-up |

Plaintiff reserves the right to supplement and/or amend this response.

**INTERROGATORY NO. 18:**  State the date and nature of any social security benefit, disability benefit, or workers' compensation benefit that you have ever applied for or received from any agency, company, person, corporation or government.

**RESPONSE:**   Due to Plaintiff's age, she receives Social Security benefits and has since 2014.   She does not receive social security disability benefits or workers' compensation

benefits, nor has she ever applied for these benefits from any agency, company, person, corporation or government.

**INTERROGATORY NO. 19:**  With regard to all lawsuits, other than the instant case, which you have ever been involved as a party, either plaintiff or defendant, state the following:

    a)  The city and state where the lawsuit was filed.

    b)  The caption of the lawsuit including the court in which it was pending and the docket number.

    c)  The nature of the lawsuit, *i.e.,* workers' compensation, automobile accident, products liability, criminal, etc.

    d)  The outcome of the lawsuit.

**RESPONSE:**  **Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving the foregoing objection, Plaintiff has not been a party to any type of lawsuit in the last 10 years.**

**INTERROGATORY NO. 20:**  Have you ever been charged or arrested for any criminal offense, other than traffic offenses, for any reason, at any time?  If so, state the date, charge, the court in which said charge was brought and the disposition thereof (e.g., pled guilty, convicted, acquitted, etc.).

**RESPONSE: Plaintiff has not been charged or arrested for any criminal offense.**

**INTERROGATORY NO. 21:**  If you are making a claim for lost earnings or loss of earnings capacity, please state your entire work history and for each employer, please state with particularity the following:

    a)  The name, address and telephone number of each employer.

b) All positions held.

c) The nature of the work performed.

d) Time periods during which you worked for such employer.

e) The reasons for termination.

f) Salary or wages received.

g) The name of your immediate supervisor.

**RESPONSE:** Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objection, Plaintiff submits information for the last ten (10) years of her employment history:

a) **The Highlands of Memphis, LLC**
   **3549 Norriswood Avenue**
   **Memphis, TN**
   **(901) 325-7820**

b) **Wound Care Nurse**

c) **Dressing Changes, Assessments, Documentation, Treatment Determinations**

d) **2009-2013**

e) **Plaintiff left as a result of new management and a personality conflict.**

f) **$37.00/hour**

g) **Charlotte Pierce – Administrator**

a) **Parkway Health and Rehab**
   **200 S. Parkway W.**
   **Memphis, TN 38109**
   **(901) 942-7456**

b) Wound Care Nurse

c) Dressing Changes, Assessments, Documentation, Treatment Determinations

d) 2014 – present

e) Not applicable

f) $26.50/hour

g) Nattily Berkley - Administrator

**INTERROGATORY NO. 22:** List your educational background including the names and addresses of each school you have attended, and the grade completed.   Additionally, include the names and addresses of any technological or vocational programs you have attended and the dates you attended each.

**RESPONSE:   Plaintiff received her GED in 1982.   She then attended Nursing School at Northwest Community College where she completed her nursing program in 1983.**

**INTERROGATORY NO. 23:**   Please identify all witnesses to this accident.

**RESPONSE: Plaintiff is unaware of any witnesses to this incident.**

**INTERROGATORY NO. 24:**   Identify all facts and documents which support your claims in Paragraph 19 of the Complaint for Damages.

**RESPONSE: Plaintiff objects to this Interrogatory to the extent that it requests a legal conclusion.   Subject to and without waiving the foregoing objection, the Defendant, as owner and operator of the establishment should have conducted routine inspections of the premises, including the area where liquid was allowed to remain on the floor without the presence of warning signs to protect the safety of patrons and guests including Mr. Childers and Mrs. Childers.**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:** With regard to each physician, doctor, chiropractor, psychologist, hospital, or other health care facility and/or provider who rendered medical treatment as a result of the injuries you claim were sustained by you as a result of the accident at issue in this case, please attach each medical bill, medical record, report, doctor's note, insurance forms or other treatment record, prepared by each physician, doctor, etc., named above, as well as copies of any and all correspondence between such provider or providers and/or yourself or your attorney.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objection, please see the redacted medical bill and records attached hereto as Exhibit "A".

**REQUEST FOR PRODUCTION NO. 2:** If you are making a claim for lost earnings, attach documentation from your employer and/or employers sustaining the loss you are claiming.

**RESPONSE:** Please see Plaintiff's W-2s and Tax Returns for the past five (5) years attached hereto as Exhibit "B".

**REQUEST FOR PRODUCTION NO. 3:** Produce all written statements identified in Interrogatory Nos. 12 and 13.

**RESPONSE:** Plaintiff is not in possession of any statements responsive to this Request.

**REQUEST FOR PRODUCTION NO. 4:** Attach a copy of all reports, documents, etc. prepared by any expert identified in Interrogatory No. 14.

**RESPONSE:   Plaintiff is not in possession of any reports, documents, etc. responsive to this Request.**

**REQUEST FOR PRODUCTION NO. 5:** Attach a copy of any such chart, map, photograph, plat, drawing, or other graphic representation identified in Interrogatory No. 15.

**RESPONSE:   Plaintiff is not in possession of any chart, map, photograph, plat, drawing, or other graphic representation responsive to this Request.**

**REQUEST FOR PRODUCTION NO. 6:**   Copies of any and all photographs, videos or movies depicting the condition of Plaintiff, either prior to or after the accident of October 14, 2018.

**RESPONSE:   Plaintiff is not in possession of any photographs, videos, or movies responsive to this Request.**

**REQUEST FOR PRODUCTION NO. 7:**   Produce for the five years preceding the subject accident, every income tax return filed by you with any government agency for the given five-year period.

**RESPONSE: Please see Plaintiff's W-2s and Tax Returns for the past five (5) years attached hereto as Exhibit "B".**

**REQUEST FOR PRODUCTION NO. 8:**   For each medical provider identified in Interrogatory No. 16, please produce each medical bill, medical record, report, doctor's note, insurance forms or other treatment record, prepared by each physician, doctor, etc.

**RESPONSE:   Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.   Without waiving the foregoing objection, Plaintiff will agree to sign a Release for the requested documents for the past ten (10) years if provided by Defendant.**

**REQUEST FOR PRODUCTION NO. 9:**  For each medical provider identified in Interrogatory No. 17, please produce each medical bill, medical record, report, doctor's note, insurance forms, or other treatment record, prepared by each physician, doctor, etc.

**RESPONSE:**  **Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving the foregoing objection, please see the redacted medical bill and records attached hereto as Exhibit "A".**

**REQUEST FOR PRODUCTION NO. 10:** For each lawsuit identified in Interrogatory No. 19, please produce copies of the Complaint, Answer, and all discovery documents.

**RESPONSE: Plaintiff has not identified any lawsuits in Interrogatory No. 19; therefore, she is not in possession of any documents responsive to this Request.**

**REQUEST FOR PRODUCTION NO. 11:** Provide an executed and completed copy of the attached medical authorization.

**RESPONSE:   Please see the attached executed Medical Authorization.**

**REQUEST FOR PRODUCTION NO. 12:** Provide an executed and completed copy of the attached employment release.

**RESPONSE: Please see the attached executed Employment Release.**

**REQUEST FOR PRODUCTION NO. 13:** Produce an executed and completed copy of the attached release for workers' compensation claim records, if you have sought any such benefits. If not, please indicate.

**RESPONSE:   Plaintiff has not sought any such benefits.**

**REQUEST FOR PRODUCTION NO. 14:** Attach all documents identified in the responses to the Interrogatories or relied upon in providing said responses.

**RESPONSE:   Plaintiff relies upon the documents found in the attached Exhibits "A" and "B".**

**REQUEST FOR PRODUCTION NO. 15:** Produce a copy of all documents supporting your claims in this litigation.

**RESPONSE:   Please see documents attached as Exhibits "A" and "B" which support her claims in this litigation.**

**REQUEST FOR PRODUCTION NO. 16:** Produce a copy of all photographs depicting the condition of the premises on the date of the accident.

**RESPONSE:   Plaintiff is not in possession of any photographs responsive to this Request.**

**REQUEST FOR PRODUCTION NO. 17:** Produce a copy of all photographs, videotapes, or any visual depictions depicting any physical injuries sustained by you in this accident.

**RESPONSE:   Plaintiff is not in possession of any photographs, videotapes or any visual depictions responsive to this Request.**

Respectfully submitted,

**MORGAN & MORGAN**

Elaine Sheng, Esq. (TN BPR #18438)
One Commerce Square, Suite 2600
Memphis, TN 38103
Telephone: (901) 217-7000

*Page 15 of 16*

Fax:   (901) 333-1882
esheng@forthepeople.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I, Elaine Sheng, do hereby certify that a copy of the foregoing pleading was mailed on this 15 day of October, 2019, to:

Laura Deakins
Lewis Thomason, King, Krieg, & Waldrop, P.C.
424 Church Street, Suite 250
Nashville, TN 37219

Elaine Sheng

## VERIFICATION

STATE OF _Tennessee_

COUNTY OF _Shelby_

    I, Margie Childers, after first being duly sworn, state as follows:

    I have read Plaintiff's Responses to the First Set of Interrogatories from Defendant, and the responses are true and correct.

_Margie Childers_
(Signature)

_Margie Childers_
(Printed Name)

Sworn and subscribed before me, a Notary Public, this the ⎯5⎯ day of _September_ 20 _19_.

_Marla Thacker_
Notary Public

My commission expires: _9/7/2022_.

MARLA THACKER
STATE OF
TENNESSEE
NOTARY
PUBLIC
SHELBY COUNTY
MY COMMISSION EXPIRES 9-7-2022

## MEDICAL RECORDS RELEASE AUTHORIZATION

I hereby authorize _____ and its physicians, employees and agents to release or disclose to the below-named person or organization all of my medical records including any specially protected records such as those relating to psychological or psychiatric impairments, drug abuse, alcoholism, sickle cell anemia, or HIV infection.

RELEASE RECORDS TO:          Dickinson Wright PLLC, or their proper representative
                             424 Church Street, Suite 800
                             Nashville, TN  37219

Patient's Name:_____
Patient's SS#:_____ Patient's Date of Birth:_____
Which physician's records?:_____
Purpose of Disclosures:_____
1.   Only records generated by the above-named health care provider (not including records received from other sources)............................... INITIALS:_____
2.   Only a portion of records maintained by the above-named healthcare provider (dates of treatment, etc. please specify: 2009 – present   )........ INITIALS:_____
3.   All records at this facility......................... INITIALS:____

**If you DO NOT WANT certain portions of your medical records released, please read this section carefully and initial the boxes for information you do not want released.  Otherwise, your records will be released as specified above.**

I authorize the above-named health care provider and its physicians, employees and agents to release the information specified to the organization, agency, or individual named on this request with the exception of:
Initials          Initials          Initials
____ Substance abuse, if any     _____ Psychological or psychiatric conditions, in any    _____ AIDS/HIV/STD's, if any

**This Authorization will expire on the following date or upon the occurrence of the following event:  One year from date of signature of this Release**

** I understand that I may revoke the Authorization at any time prior to the expiration date or event, but that my revocation will not have any effect on actions taken by the above-named health care provider or its physicians, employees or agents before they received my revocation.  Should I desire to revoke this Authorization, I must send written notice to the above-named health care provider.
** I understand that I am not required to sign this Authorization.  The above-named health care provider will not condition treatment, payment, enrollment or eligibility for benefits on whether I provide this Authorization.
** I understand that my records may be subject to disclosures by the recipient and may no longer be protected by federal privacy regulations.  I understand that this Authorization does not limit the above-named health care provider's or its physicians', employees' or agents' ability to use or disclose my information for treatment, payment, or health care operations, or as otherwise permitted by law.

Patient or Authorized Representative's Signature: _Margie Childer_____

Date: _6/5/19_____          Relationship to patient: _self_____

15

### **EMPLOYMENT AUTHORIZATION**

TO WHOM IT MAY CONCERN:

I, Margie Childers, (Social Security No. _____), hereby authorize my employers to release a full and complete copy of my employment records, including all personnel records, attendance records, wage information, health care benefits records and workers' compensation records to the law offices of Dickinson Wright, PLLC or their designated representatives and/or agents.  This authorization shall not become invalid by the passage or expiration of time but shall continue in full force and effect unless and until specifically revoked by me.

_____
MARGIE CHILDERS

_____
DATE

ELECTRONICALLY FILED
2019 Oct 22 3:19 PM
CLERK OF COURT

## IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
### FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**MARGIE CHILDERS and LARRY CHILDERS,**

    **Plaintiffs,**

v.                            **Docket No.: CT-0962-19; Div. I**
                                    **JURY DEMANDED**

**BASS PRO OUTDOOR WORLD, LLC d/b/a**
**UNCLE BUCK'S FISH BOWL AND GRILL, and**
**FEDERAL BUILDING SERVICES, INC.**

    **Defendant.**

### PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED UPON DEFENDANT FEDERAL BUILDING SERVICES, INC.

**COME NOW** the Plaintiffs, Margie Childers and Larry Childers, by and through undersigned counsel, pursuant to Rules 33 and 34 of Tennessee Rules of Civil Procedure, and propound the following Interrogatories and Request for Production of Documents upon the Defendant, Federal Building Services, LLC, to be answered fully, under oath, at the offices of Morgan & Morgan, LLC, One Commerce Square, Ste. 2600, Memphis, Tennessee, in accordance with the Tennessee Rules of Civil Procedure.

### INSTRUCTIONS AND DEFINITIONS

    (a)    These Interrogatories and Requests for Production of Documents are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

    (b)    In answering these Interrogatories you shall furnish all such information as is

available or known to you and all agents, employees, representatives, including attorneys. Should you claim privilege, set forth in detail in your answers hereto the grounds for such claim, and the general nature of the information as to which you claim a privilege.

(c)     "Person" means and includes a natural person, partnership, firm, or corporation or any other kind of business or legal entity, including any governmental entity, its agents or employees. Where name and identity of a person is required, please state full name, home address and also business address, if known.

(d)     The pronouns "you" and "your" refer to the party to whom the Interrogatories and Requests for Production of Documents are addressed and all representatives of same, including, but not limited to, all agents, employees, investigators, and any others who directly or indirectly represent, in any manner, the defendant.

(e)     "Describe" means comprehensive, full, fair, frank, complete, accurate, and detailed descriptions of the person, event, place, or document referenced.

(f)     "Identify" when referring to an individual, corporation, or other entity shall mean to set forth the name and telephone number, and if a corporation or other entity, its principle place of business, or if an individual, the present or last known home address, his or her job title or titles, by whom employed and address of the place of employment.

(g)     "Document(s)" means: all manner of written, typewritten, printed or recorded material whatsoever, including any graphic, mechanic or oral records or recordings of any kind, correspondence, letters, telegrams, memoranda, records of meetings or conference, contracts, agreements, reports, checks, statements, receipts, returns, summaries, tickets, drafts, interoffice and intraoffice communications, offers, notations of conversations, records of telephone calls or meetings, printed matter, computer print-outs, teletypes, fax, invoices, pictures, blueprints,

2

schematics, tape records, transcriptions of records, video recordings, logbooks, business records and all drafts, alterations, modifications, changes and amendments of any of the foregoing, of which you have knowledge or which are now or were formerly in your actual or constructive possession, custody or control.

(h)     If you know that any document(s) falling within the scope of these Interrogatories and Requests for Production of Documents has been destroyed or lost, or is unavailable for any reason, you are requested to produce a written list of any document(s) so unavailable, identifying each document as follows: the request(s) the document pertains to; date, addressor's or author's name, title and address; addressee's name, title and address, the name and address of every other person to whom the document was sent or shown; the subject matter of the document; the general character of the document; as nearly as possible, the exact content of the document; and the reason for its destruction or unavailability.

(i)     "Subject incident" refers to the incident or incidents taking place on October 14, 2018, as set forth in Plaintiff's Complaint filed in connection hereto.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify the person or persons responding to these Interrogatories on behalf of the Defendant, and identify each person who has provided information in connection with these Interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:** Please identify the party who was responsible for maintenance and/or care of the location where this incident occurred on the date of the occurrence.

**ANSWER:**

3

**INTERROGATORY NO. 3:** Please identify any person not already named as a party to this lawsuit whom you contend caused or contributed to the occurrence complained of, including any architect, engineer, designer, contractor, subcontractor or others.

**ANSWER:**

**INTERROGATORY NO. 4:** Please identify each person with whom you are aware that witnessed the incident or the events occurring immediately before or after the incident; and/or who heard any statements made about the incident by any individual at the scene.

**ANSWER:**

**INTERROGATORY NO. 5:** Identify each employee or agent with personal knowledge of the incident and for each such person; identify his or her job title and job or function which was being performed by that individual at the time of the incident.

**ANSWER:**

**INTERROGATORY NO. 6:** Identify each person and/or employee interviewed concerning the incident, and for each such person, please state the date of the interview and the substance of the interview. If the interview was recorded and/or transcribed, a reproduction of the recording and/or transcript will suffice.

**ANSWER:**

**INTERROGATORY NO. 7:** Identify each and every written report made by any person or entity concerning the incident.

**ANSWER:**

**INTERROGATORY NO. 8:** Please state, in your own words, what you believe happened regarding the incident that is the subject of Plaintiffs' Complaint and include in your Answer the

4

basis upon which you have formed that belief, identifying each person who provided you with information which enabled you to respond to this Interrogatory.

**ANSWER:**

**INTERROGATORY NO. 9:** Identify all persons whom you intend to call as expert witnesses at the trial of this case, and for each such expert, identify:

    a.  The subject matter on which he or she is expected to testify;

    b.  The substance of the facts and opinions to which he or she is expected to testify;

    c.  A summary of the grounds for each opinion to which he or she will testify; and,

    d.  The basis upon which he or she qualifies as an expert on the subject matter to which he or she is expected to testify.

**ANSWER:**

**INTERROGATORY NO. 10:** Please identify your correct legal entity stating the date on which such entity was formed, the State of incorporation, the name(s) and address(es) of all officers, directors, general partners, limited partners and all other parties with any interest in your organization.

**ANSWER:**

**INTERROGATORY NO. 11:** Identify any previous or subsequent incident(s) of which you are aware that occurred in substantially the same manner as the incident complained of in this lawsuit, or which also occurred at the premises where this incident occurred within the last seven (7) years.

**ANSWER:**

**INTERROGATORY NO. 12:** Identify in detail any changes that have been made by you, or anyone on your behalf, to the physical site in the area where the incident occurred since the subject incident.

**ANSWER:**

**INTERROGATORY NO. 13:** Identify any procedures and policies which you followed, at and before the time of the incident in question, concerning the inspection, maintenance, repair, and/or cleaning of the area where Plaintiff Margie Childers' injuries occurred.

**ANSWER:**

**INTERROGATORY NO. 14:** Identify any warnings, whether verbal or written (such as by a sign, or otherwise) which were given to the Plaintiff, specifically, and/or to patrons or the public, in general, before the incident concerning the conditions which caused or contributed to the subject incident.

**ANSWER:**

**INTERROGATORY NO. 15:** Identify any admission(s) or declaration(s) against interest which you contend was made by the Plaintiffs following the subject incident.

**ANSWER:**

**INTERROGATORY NO. 16:** Identify the date and time on which you were first notified of the dangerous condition which ultimately caused Plaintiff Margie Childers' fall, which is the subject of this lawsuit, and identify the manner by which you became aware of this information.

**ANSWER:**

**INTERROGATORY NO. 17:** At the time of Plaintiff Margie Childers' injury, do you contend that any person or entity other than you was responsible for the maintenance, inspection and care of the location where Plaintiffs allege the injury occurred and, if so, state each and every fact and

6

writing on which you base the contention and identify each and every writing that supports the contention?

**ANSWER:**

**INTERROGATORY NO. 18:** Describe in detail any conversations any representative has had with the Plaintiffs prior to or following the subject incident.

**ANSWER:**

**INTERROGATORY NO. 19:** What efforts are you aware of that were made by the Defendant to correct the conditions which may have caused the occurrence in question before the incident in question?

**ANSWER:**

**INTERROGATORY NO. 20:** Please describe what policies, procedures and training procedures you are aware of, if any, that are followed in the course of training of your employees with regard to customer reported incidents at this location, including but not limited to, any and all written material, slides, photographs, films, videotapes, which Defendant utilizes in training its employees.

**ANSWER:**

**INTERROGATORY NO. 21:** Please state the name and address for any employees and/or agents who you understand were assigned to clean, inspect and/or maintain the location where the subject incident occurred at any time on October 14, 2018 and for the one year period of time prior to that date. Also, state if the employee(s) is still employed with your organization.

**ANSWER:**

**INTERROGATORY NO. 22:** Please state the name and address of all employees and/or agents of the Defendant who were on duty on the date of the incident, October 14, 2018, and for the one week periods of time immediately preceding and following this date.

**ANSWER:**

**INTERROGATORY NO. 23:** Please identify all repair records, maintenance records, work orders, invoices or other documents pertaining to the maintenance, upkeep or inspection of the location where the incident occurred for the five (5) year period of time preceding the date of this incident (October 14, 2018) through the present.

**ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Please produce copies of all documents that you identified, reviewed or relied upon in responding to the Interrogatories served herewith and copies of all documents referenced in your response to the same.

**RESPONSE:**

**REQUEST NO. 2:** The most recent resume or curriculum vitae of each expert whom you expect to call as an expert witness at trial, along with:

    a. All written reports of each person whom you expect to call as an expert witness at trial;

    b. All documents upon which any expert witness you intend to call at trial relied to form an opinion.

    c. All notes, correspondence, bills, invoices, diagrams, photographs, x-rays or other documents prepared or reviewed by each person whom you expect to call as an expert witness at trial; and,

8

d.  All invoices generated by expert witnesses generated for performing all expert witness services to the defendant, including but not limited to, the fees for the medical examination, the records review, the pretrial preparation, any telephone conference, any trial testimony anticipated and any other fee paid by the defendants for expert fees.

**RESPONSE:**

**REQUEST NO. 3:** All written, recorded, or signed statements of any party, including the Plaintiff, Defendant, witnesses, investigators, or agent, representative or employee of the parties concerning the subject matter of this action.

**RESPONSE:**

**REQUEST NO. 4:** All documents, including but not limited to, any photographs, videotapes or audio tapes, x-rays, diagrams, medical records, surveys, drawings, or other graphic representations of information that relate in any way to the incident or the injuries suffered by Plaintiff(s) as a result of the incident, subject matter of this action, or the Plaintiffs.

**RESPONSE:**

**REQUEST NO. 5:** Any documents received pursuant to a subpoena request served by you.

**RESPONSE:**

**REQUEST NO. 6:** Any document prepared during the regular course of business as a result of the incident complained of in the Plaintiffs' Complaint.

**RESPONSE:**

**REQUEST NO. 7:** Copies of any treaties, standards in the industry, legal authority, rule, case, statute, or code that will be relied upon in the defense of this case.

**RESPONSE:**

9

**REQUEST NO. 8:** All maintenance records, logs, contracts, or other documents concerning the location where Plaintiff Margie Childers was injured for the five (5) year period prior to this occurrence, for the date of the occurrence, and for the time period following the occurrence to the present.

**RESPONSE:**

**REQUEST NO. 9:** Copies of any reports of accidents or incidents reasonably similar to the incident, as set forth in Plaintiff's Complaint, including but not limited to, incidents occurring in a manner similar to Plaintiff Margie Childers' incident at the location where this incident occurred, for the five (5) year period prior to the date of this incident, for the date of this incident, and for the time period following the occurrence up to the present.

**RESPONSE:**

**REQUEST NO. 10:** Copies of any and all reports and/or complaints made with regard to a condition of the Defendant's premises where this incident occurred for the five (5) year period prior to the date of this incident and during the period subsequent to the date of this incident to the present.

**RESPONSE:**

**REQUEST NO. 11:** Copies of any and all documents describing or referring to the system, routine, policies, or procedures of inspecting and/or maintaining the area where the incident occurred in effect on the date of this incident.

**RESPONSE:**

**REQUEST NO. 12:** Copies of any agreement between the named Defendant and any individual or entity hired to assist with the maintenance or care of the location where the incident occurred in effect on the date of this incident.

**RESPONSE:**

**REQUEST NO. 13:** Copies of any and all documents referring to or describing any repairs, replacements, maintenance, inspection, cleaning, or alteration to the location where this incident occurred which were performed for the five (5) year period prior to Plaintiff Margie Childers' incident up to and including the present.

**RESPONSE:**

**REQUEST NO. 14:** Copies of the personnel file for any employee/agent identified in your response to Interrogatory No. 21 in your possession, custody or control.

**RESPONSE:**

**REQUEST NO. 15:** Copies of the personnel file for any employee/agent identified in your response to Interrogatory No. 22 in your possession, custody or control.

**RESPONSE:**

**REQUEST NO. 16:** Copies of any policies, procedures, documents, materials or other items identified in your response to Interrogatory No. 20 in your possession, custody or control.

**RESPONSE:**

**REQUEST NO. 17:** Copies of any documents, materials or other items identified in your response to Interrogatory No. 23 in your possession, custody or control.

**RESPONSE:**

**REQUEST NO. 18:** Copies of any policies, procedures, documents, materials or other items identified in your response to Interrogatory No. 13 in your possession, custody or control.

**RESPONSE:**

**REQUEST NO. 19:** Copies of any documents, materials or other items identified in your response to Interrogatory No. 14 in your possession, custody or control.

**RESPONSE:**

**REQUEST NO. 20:** Copies of any contracts between Defendants.

**RESPONSE:**

**REQUEST NO. 21:** Copies of any communications, correspondences, emails, texts, and all

documents by and between Defendants concerning this incident.

Respectfully submitted,

**MORGAN & MORGAN – MEMPHIS, LLC.**

Elaine Sheng (#18438)
*Attorney for Plaintiffs*
One Commerce Square, 26th Floor
Memphis, Tennessee 38103
Phone: (901) 333-1918
Fax:     (901) 333-1882
esheng@forthepeople.com

Elaine Sheng (#18438)
*Served with Complaint*

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, do hereby certify that a true and exact copy of the foregoing
instrument has been served on the following interested parties, via U.S. Mail, postage pre-paid,
on this the ___ day of October, 2019.

Laura Deakins
Lewis Thomason
40 S. Main Street
Memphis, TN 38103

Elaine Sheng

12

ELECTRONICALLY FILED
2019 Oct 22 3:19 PM
CLERK OF COURT

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

MARGIE CHILDERS and LARRY CHILDERS,

     Plaintiffs,

v.                               Docket No.:  CT-0962-19; Div. I
                                   JURY DEMANDED

BASS PRO OUTDOOR WORLD, LLC d/b/a
UNCLE BUCK'S FISH BOWL AND GRILL, and
FEDERAL BUILDING SERVICES, INC.

     Defendants.

## SECOND AMENDED COMPLAINT FOR DAMAGES

     **COME NOW** the Plaintiffs, Margie Childers and Larry Childers, by and through

undersigned counsel and hereby file this Amended Complaint for Damages against the

Defendant, Bass Pro Outdoor World, LLC d/b/a Uncle Buck's Fish Bowl and Grill and

Defendant Federal Building Services, Inc., pursuant to T.C.A. § 20-1-119 and would show the

Court as follows:

### PARTIES

1.     Plaintiff, Margie Childers (hereafter "Mrs. Childers") is an adult resident of Hernando,

Desoto County, Mississippi.

2.     Plaintiff Larry Childers (hereafter "Mr. Childers") is an adult resident of Hernando,

Desoto County, Mississippi.

3.     Upon information and belief, Defendant, Bass Pro Outdoor World, LLC d/b/a Uncle

Buck's Fish Bowl and Grill, is a Missouri for-profit corporation licensed to do business in

Tennessee with its principal address located at Tax and License Div., 2500 E. Kearney Street,

Springfield, Missouri 65898-0001 and can be served with process through its registered agent C T Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

4.      Upon information and belief, Defendant, Federal Building Services, Inc., is an Illinois for-profit corporation licensed to do business in Tennessee with its principal address located at 1641 Barclay Boulevard, Buffalo Grove, Illinois 60089-4544 and can be served with process through its registered agent C T Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

## JURISDICTION AND VENUE

5.      Venue is properly situated in Shelby County pursuant to TENN CODE ANN 20-4-101 as the injuries sustained by Plaintiff occurred in Shelby County, Tennessee.

6.      This Court has jurisdiction pursuant to Tenn. Code Ann. 16-1-101.

7.      This Court has subject matter jurisdiction over the causes of action pled herein.

8.      All events which form the basis of this Complaint for Damages are based in tort and occurred in Memphis, Shelby County, Tennessee.

9.      Defendant, Bass Pro Outdoor World, LLC d/b/a Uncle Buck's Fish Bowl and Grill was properly served with process.

10.      Defendant, Federal Building Services, Inc. was properly served with process.

## FACTS

11.      At all times pertinent to this Complaint, Defendant Bass Pro Outdoor World, LLC owned, operated and/or controlled a business called Uncle Buck's Fish Bowl and Grill which is located at 1 Bass Pro Drive, Memphis, Tennessee 38105.

12.    At all times pertinent to this Complaint, Defendant Federal Building Services, Inc. was under contract with Defendant Bass Pro Outdoor World, LLC to perform maintenance services at Bass Pro including but not limited to performing maintenance of the floors.

13.    On or about October 14, 2018, Plaintiff, Margie Childers, was on the premises of Uncle Buck's Fish Bowl and Grill.

14.    Mrs. Childers was walking inside Uncle Buck's Fish Bowl and Grill when suddenly, and without warning, she slipped and fell on a liquid substance on the floor of the premises.

15.    Upon information and belief, Defendant Bass Pro Outdoor World, LLC owned, operated and/or controlled the Uncle Buck's Fish Bowl and Grill premises which were in a dangerous and defective state at the time of Mrs. Childers' fall due to the presence of the liquid substance.

16.    Upon information and belief, Defendant Federal Building Services, Inc. was under contract with Defendant Bass Pro Outdoor World LLC to perform maintenance services at Uncle Buck's Fish Bowl and Grill premises which were in a dangerous and defective state at the time of Mrs. Childers' fall due to the presence of the liquid substance.

17.    There were no warning signs or any other indication near the liquid substance to warn customers of the dangerous condition.

18.    Defendants knew or should have known of the dangerous condition of the premises which caused Mrs. Childers to fall and sustain injuries.

19.    As a direct and proximate result of the Defendants' negligence, Mrs. Childers sustained multiple serious, severe and permanent injuries.

**CAUSE OF ACTION**
**NEGLIGENCE**

20.    Plaintiffs reincorporate paragraphs 1-19 as though set forth verbatim.

3

21.     The Defendants, by and through the actions and/or inactions of their employees and/or agents, were negligent in their failure to adequately maintain the premises in the area in which Mrs. Childers fell.

22.     The Defendants, by and through the actions and/or inactions of their employees and/or agents, were negligent in their failure to warn Mrs. Childers of the possibility of injury while on the Defendant Bass Pro Outdoor World, LLC's premises.

23.     The Defendants, by and through the actions and/or inactions of their employees and/or agents, were negligent in their failure to conduct a reasonable inspection of the premises, including the area where the liquid was located and the surrounding areas, and for failing to adhere to policy/procedure or failing to institute an appropriate policy/procedure to maintain the premises in a safe manner.

24.     The Defendants, by and through the actions and/or inactions of their employees and/or agents, were negligent in failing to maintain a safe environment for Mrs. Childers and other guests while inside the Uncle Buck's Fish Bowl and Grill.

25.     The Defendants knew or in the exercise of reasonable care should have known of the presence of the dangerous condition, or, Defendants created the condition either through the acts of their employees, in their negligent maintenance of the premises, or their negligent method of operation and Defendants should have corrected the condition or warned Mrs. Childers of its existence yet failed to do so.

26.     Upon information and belief, the Defendants had actual and/or constructive notice of the dangerous and defective condition that caused Mrs. Childers to fall and sustain injuries yet failed to remedy the condition.

4

## DAMAGES

27.     Plaintiffs reincorporate paragraphs 1-26 as though set forth verbatim.

28.     As a direct and proximate result of the Defendants' negligence, Mrs. Childers suffered serious and severe personal injuries which were caused, precipitated and/or aggravated by the wrongs complained of herein.

29.     As a direct and proximate result of the Defendants' negligence, Mrs. Childers suffered severe injuries that required medical attention and may continue to require medical treatment in the future.

30.     As a direct and proximate result of the Defendants' negligence, Mrs. Childers has incurred, and may incur, large medical expenses, both past and future.

31.     As a direct and proximate result of Defendants' negligence, Mrs. Childers experienced physical pain and mental suffering, both past and future.

32.     As a direct and proximate result of the Defendants' negligence, Mrs. Childers suffered the loss of the enjoyment of life, both past and future.

33.     As a direct and proximate result of the Defendants' negligence, Mrs. Childers suffered injuries both temporary and permanent in nature.

34.     As a direct and proximate result of the Defendants' negligence, Mrs. Childers experienced severe pain and suffering, as well as emotional trauma and mental anguish, both past and future.

35.     As a direct and proximate result of the Defendants' negligence, Mrs. Childers experienced loss of earnings and loss of earning capacity, both past and future.

## LOSS OF CONSORTIUM AND
## SPOUSAL SERVICES

36.     As a direct and proximate result of one or more of the above acts of negligence, violation of state statutes and ordinances, Mr. Childers has suffered the following as a direct and proximate result of the negligence of Defendants:

    a)      Loss of Consortium;

    b)      Loss of Services;

    c)      Loss of Companionship; and

    d)      Such other further and general relief to which he may be entitled under the law and evidence presented.


## RELIEF SOUGHT

WHEREFORE PREMISES CONSIDERED, Plaintiffs, Margie Childers and Larry Childers, respectfully pray:

1.      That Plaintiffs be awarded the present cash value of any medical care and treatment that Mrs. Childers has undergone, or will have to undergo;

2.      That Plaintiffs be awarded special damages for medical, hospital and doctors expenses incurred, according to proof;

3.      That Plaintiffs be awarded compensatory damages in an amount to be determined by a jury;

4.      That Plaintiff, Margie Childers, be awarded an amount of compensatory damages in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00);

5.      That Plaintiff, Larry Childers, be awarded an amount of compensatory damages in the amount of Twenty Five Thousand Dollars ($25,000.00);

6.    That Plaintiffs be awarded post-judgment interest as allowed by law;

7.    That a jury be empaneled to try the issues when joined; and

8.    Such further relief as the Court may deem just and equitable.

Respectfully submitted,

**MORGAN & MORGAN - MEMPHIS, LLC**

_____
Elaine Sheng (#18438)
*Attorney for Plaintiffs*
One Commerce Square, 26th Floor
Memphis, Tennessee 38103
Phone: (901) 333-1918
Fax:    (901) 333-1882
esheng@forthepeople.com

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that a true and exact copy of the foregoing instrument has been served on the following interested parties, via U.S. Mail, postage pre-paid, on this the 22 day of October, 2019.

Laura Deakins
Lewis Thomason
40 S. Main Street
Memphis, TN 38103

_____
Elaine Sheng, Esq.

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

ELECTRONICALLY FILED
2019 Mar 06 9:55 AM
CLERK OF COURT

## SUMMONS IN CIVIL ACTION

Docket No. _____

◉ Lawsuit
○ Divorce

Ad Damnum $ _____

| MARGIE CHILDERS and LARRY CHILDERS | VS | BASS PRO OUTDOOR WORLD, LLC d/b/a UNCLE BUCK'S FISHBOWL AND GRILL |
|---|---|---|

Plaintiff(s)                                                    Defendant(s)

TO: (Name and Address of Defendant (One defendant per summons))

| BASS PRO OUTDOOR WORLD, LLC Through its Registered Agent CT CORPORATION SYSTEM 300 MONTVUE ROAD KNOXVILLE, TN 37919-5546 | Method of Service: ○ Certified Mail ○ Shelby County Sheriff ○ Commissioner of Insurance ($) ○ Secretary of State ($) ○ Other TN County Sheriff ($) ◉ Private Process Server ○ Other |
|---|---|

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on Bradford J. Spicer, Morgan & Morgan - MEM    Plaintiff's

attorney, whose address is One Commerce Square, Suite 2600, Memphis, TN 38103

telephone (901) 217-7000          within THIRTY (30) DAYS after this summons has been served upon you, not including the day
of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED _____   By _____, D.C.

### TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless
it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain
items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and
your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these
items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek
the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20___

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master    By: _____, D.C.

---

**RETURN OF SERVICE OF SUMMONS**

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20 _____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____        By: _____
Signature of person accepting service                              Sheriff or other authorized person to serve process

---

**RETURN OF NON-SERVICE OF SUMMONS**

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20 _____.

By: _____
Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:**      MARGIE CHILDERS VS BASS PRO

**Case Number:**   CT-0962-19

**Type:**              SUMMONS ISSD TO MISC

Sharon Smith, DC

Electronically signed on 03/06/2019 11:04:20 AM

 CT Corporation

**Service of Process Transmittal**
11/12/2019
CT Log Number 536612962

TO:   Lisa Mincarelli
      Federal Cleaning Contractors, Inc.
      1641 Barclay Blvd
      Buffalo Grove, IL 60089-4544

RE:   **Process Served in Tennessee**

FOR:  Federal Building Services, Inc.  (Assumed Name)  (Domestic State: IL)
      Federal Cleaning Contractors, Inc. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MARGIE CHILDERS AND LARRY CHILDERS, PLTFS. vs. BASS PRO OUTDOOR WORLD, LLC, ETC. AND FEDERAL BUILDING SERVICES, INC., DFTS. |
| **DOCUMENT(S) SERVED:** | INTERROGATORIES, COMPLAINT |
| **COURT/AGENCY:** | Shelby County Circuit Court - Thirtieth Judicial District, TN<br>Case # CT096219 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 10/14/2018 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/12/2019 at 15:00 |
| **JURISDICTION SERVED :** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Elaine Sheng<br>MORGAN & MORGAN - MEMPHIS, LLC<br>One Commerce Square, 26th Floor<br>Memphis, TN 38103<br>(901)333-1918 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780114126752<br><br>Email Notification,  Lisa Mincarelli  lmincarelli@escfederal.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>208 LaSalle Ave<br>Suite 814<br>Chicago, IL 60604 |
| **For Questions:** | 866-539-8692<br>CorporationTeam@wolterskluwer.com |

Page 1 of  1 / RB

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

Envelope: UPS_LETTER_CENTER
WINDOW
Total Pages: 21
SafetySeal(101761)



MARA VELASCO
2149323601
CT - DALLAS SOP TEAM
1999 BRYAN STREET
DALLAS TX 75201

1.0 LBS    LTR          1 OF 1

**SHIP TO:**
LISA MINCARELLI
2149323601
FEDERAL CLEANING CONTRACTORS, INC.
1641 BARCLAY BLVD
**BUFFALO GROVE  IL 60089**

## IL 602 9-11

**UPS NEXT DAY AIR**                    **1**
TRACKING #: 1Z X21 278 01 1412 6752

BILLING: P/P

Reference No.1: SOP/2401130/536612962/CT SOP Custo

1448640

16

Origin: Wolters Kluwer UPS 562130

# CT Packing Slip

 CT Corporation

| | |
|---|---|
| **UPS Tracking # :** | 1ZX212780114126752 |
| **Created By :** | Ruchi Bhatnagar |
| **Created On :** | 11/12/2019 06:13 PM |
| **Recipient :** | |

**Lisa Mincarelli**

| | |
|---|---|
| Title : | – |
| Customer : | Federal Cleaning Contractors, Inc. |
| Address : | 1641 Barclay Blvd |
| Email : | lmincarelli@escfederal.com |
| Phone : | Fax : - |

**Package Type :** Envelope
**Items shipped :** 1

| Log # | Case # | Entity Name |
|---|---|---|
| 536612962 | CT096219 | Federal Building Services, Inc. |

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

ELECTRONICALLY FILED
2019 Oct 22 3:19 PM
CLERK OF COURT

## SUMMONS IN CIVIL ACTION

Docket No. _____

◉ Lawsuit
◯ Divorce

Ad Damnum $ _____

| | | |
|---|---|---|
| MARGIE CHILDERS and LARRY CHILDERS | VS | BASS PRO OUTDOOR WORLD, LLC d/b/a UNCLE BUCK'S FISHBOWL AND GRILL and FEDERAL BUILDING SERVICES, INC. |
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

Method of Service:

FEDERAL BUILDING SERVICES, INC.
Through its Registered Agent
CT CORPORATION SYSTEM
300 MONTVUE ROAD
KNOXVILLE, TN 37919-5546

◯ Certified Mail
◯ Shelby County Sheriff
◯ Commissioner of Insurance ($)
◯ Secretary of State ($)
◯ Other TN County Sheriff ($)
◉ Private Process Server
◯ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on Elaine Sheng, Morgan & Morgan - MEM       Plaintiff's

attorney, whose address is One Commerce Square, Suite 2600, Memphis, TN 38103

telephone (901) 217-7000       within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED _____    By _____, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / DONNA RUSSELL , Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

TEMIIKA D. GIPSON , Clerk / DONNA RUSSELL, Clerk and Master       By: _____, D.C.

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

By: _____

_____
Signature of person accepting service

Sheriff or other authorized person to serve process

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____

Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:**      MARGIE CHILDERS VS BASS PRO

**Case Number:**   CT-0962-19

**Type:**              SUMMONS ISSD TO MISC



David Smith, DC

Electronically signed on 10/23/2019 03:27:42 PM